W. WILLIAMS, JR. v. ALICE M. HUNTER.

The seizure and sale, under a *fi. fa.*, of succession property, without an order of court or other legal authority, is illegal; and the rights of minors cannot be divested by such a sale.

When the surviving widow agreed to sell a plantation, she having purchased one part of it at a sheriff's sale by which she acquired no title, and thinking herself owner of the remaining portion as partner in the community,—*Held:* that she could not be made liable for the penalty, as she was induced to promise to sell by an error of fact and law.

APPEAL from the District Court of Natchitoches, *Chaplin*, J.
    *Hamilton & Chaplin,* for plaintiff.  *J. G. Campbell,* for defendant and appellant.

COLE, J. A written agreement was executed between the parties to this suit, by which the defendant promised to sell to the plaintiff with warranty the plantation, on which she resided, for a certain consideration, which is estimated at six thousand dollars. The delivery was to be made on the 1st of January, 1857.

The contracting parties also obligated themselves, " that *Mrs. A. M. Hunter,* if she refuses to make the said *Wm. Williams, Jr.,* good and warranted titles to said described land at the time agreed upon, shall forfeit to and pay him the said *Williams* two thousand dollars, and the said *Wm. Williams,* if he shall refuse to take and make payment for said land at the time agreed upon, then the said *Williams* shall forfeit to and pay *Mrs. A. M. Hunter* two thousand dollars."

The contract was not complied with on the part of *Mrs. Hunter,* and plaintiff has instituted this suit to recover the penalty of two thousand dollars.

There was judgment for plaintiff, and defendant has appealed.

The defendant admits the execution of the agreement, and in avoidance thereof pleads error. She admits her willingness to comply but avers her inability to do so, alleging that since the agreement was made, she has been advised and believes, she cannot comply without violating the law.

It appears, that the property belonged to the community, formerly existing between defendant and her deceased husband; and consequently, at his death, the title rested jointly in defendant and her minor children, the issue of her marriage with him.

It is also shown; that on the 20th of March, 1855, the plantation, or a part of it, though then the property of the succession, under an ordinary writ of *fi. fa.* issued in the suit of *Lloyd Wells* v. *James Hunter,* (the deceased husband,) and *E. R. Olcott,* was seized by the Sheriff of Bienville and sold, at public sale, to the defendant, and the Sheriff, by his deed, transferred to her all the title and interest, that *Lloyd Wells* (the plaintiff in execution, and of course without interest in the thing seized) had in the property, and not the interest of *Hunter* and *Olcott,* the defendants in execution.

Without deciding, whether the defendant could have the sale to her cancelled; it is evident, her minor children were not divested by the sale of their right to their portion of the property.

If the claim of *Wells* were a special mortgage, he ought to have availed himself of an order of seizure and sale, or obtained an order to have property sold to pay his debt, or he could have waited and been paid in the due course of administration.

If his claim arose from a judicial mortgage, and he wished to be paid, he ought to have applied for an order for the sale of sufficient property to liquidate his demand.

The issuance of a *fi. fa.* and the seizure and sale of succession property without any order of court, or other legal authority, is plainly illegal; and the rights of the minors were not under such circumstances divested.

Defendant has then no authority to transfer this property; for she would be acting unlawfully, and transferring what did not belong to her.

If this sale be left out of consideration, it is equally clear, she cannot sell the plantation; for one-half of it belongs to her children, it being property belonging to the community formerly existing between her and her deceased husband.

The question now arises, whether defendant having been in error, and not being actuated by fraud or gain, ought to be held liable for the penalty, when it is impossible for her to comply with the agreement. It is impossible, for the property of minors can only be sold at public sale, and the highest bidder takes it. Even then if she were to apply to have the property sold, plaintiff would be obliged to incur the chance of buying it.

It is also admitted, that the under-tutor refuses to assent to the ratification of the agreement.

Her good faith is illustrated by the testimony; for the evidence shows, that she told *Mr. Gray*, son-in-law of plaintiff, for whom the purchase was intended, that "she was willing to remunerate him for any inconvenience she had caused him, and offered as much land as his hands could cultivate, for the present year (1857), free of rent; and also offered to let him occupy her residence and pay him wages to take charge of her hands."

She was induced to promise to sell by an error of fact and of law; there was an error of fact, for, she believed the plantation belonged to her, and there was an error of law, for she was mistaken in the effect of the Sheriff's sale to her. C. C. 1814, 1816.

We are of opinion, defendant is not liable.

A penal clause is a secondary obligation, entered into for the purpose of enforcing the performance of a primary obligation. C. C. 2113.

The penalty being stipulated merely to enforce the performance of the principal obligation, it is not incurred, although the principal obligation be not performed, if there be a lawful excuse for its non-performance, such as inevitable accident or irresistable force. C. C. 2116.

In the preceding Article, "inevitable accident or irresistable force" are not the only excuses for the non-performance of the principal obligation, but are merely illustrations of what may be deemed a lawful excuse.

The impossibility for defendant to execute the agreement is an excuse, such as "inevitable accident or irresistable force," inasmuch as this impossibility did not originate from her fault or fraud.

Besides, consent being the concurrence of intention in two or more persons, with regard to a matter understood by all, reciprocally communicated, and resulting in each party from a free and deliberate exercise of the will, it follows, that there is no consent, not only where the intent has not been mutually communicated or implied, but also where it has been produced by error. C. C. 1813.

As then defendant executed the agreement under an error of fact and of law, the contract is thereby invalidated, and she is not subject to the penalty.

C. C. Art. 1814, 1816, 1828, 1835 and 1840.

WILLIAMS
*v.*
HUNTER.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and it is further ordered and decreed, that there be judgment in favor of defendant against the demand of plaintiff, and that plaintiff pay the costs of both courts.