## No. 1881.—JOHN BIETRY *v.* CITY OF NEW ORLEANS.

<div style="float:right">22 149<br>52 2139</div>

The city of New Orleans gave a contract to fill up batture property with river sand, within a given time, with a penal clause empowering the city to annul the contract and forfeit payment for what work had been done, and to resell the contract in case of abandonment by the contractor, or failure to complete the work within the time prescribed. The contractor failed to complete the work within the time. The city failed to resell, but annulled the contract. Held—That under the stipulations of the contract the city was authorized to cancel it for failure to complete the work within the time, but not having resold it, she could not enforce the penal clause for damages against the contractor.

Where a contract has been annulled by the city of New Orleans on account of the failure of the contractor to complete the work within the time prescribed, his right to recover pay for work already performed will depend on the fact whether the failure was through his fault. If overpowering force, or an unusual high water occurred to interfere with the operations of the contractor, he would be entitled to recover pay for what work he had actually performed, although the contract was forfeited.

APPEAL from Seventh District Court, parish of Orleans. *Collens, J.* *J B. Cotton*, for plaintiff and appellee. *J. R. Beckwith*, City Attorney, for defendant and appellant.

HOWELL, J. The plaintiff, a contractor for filling with river sand the battures in front of the First District, from Canal to Calliope street, by the first day of November, 1866, at the rate of thirty cents per cubic yard, sues the city of New Orleans to recover:

*First*—The sum of $600, being ten per cent. on the amount of a payment or certificate, and retained under the contract as a guarantee, until the completion of the whole work.

*Second*—The sum of $3000, for work done between the date of said

payment and the date when his contract was taken possession of by the city,

*Third*—The sum of $5775 16, damages sustained in the purchase of tools, implements, etc., to enable him to execute his contract.

*Fourth*—The sum of $6250, profits on the unexecuted part of his contract.

The answer is a general denial; the allegations that plaintiff neglected his work, failed to use due diligence in the completion thereof, acknowledged his incapacity to to to complete it, and that the contract was annulled by virtue of its stipulated conditions, and the work was completed by the City Surveyor, at a cost exceeding the contract by $2719 65, which, less the $600 retained, is claimed in reconvention.

Judgment was rendered in favor of plaintiff, dismissing the reconventional demand, and for the sum of $8600, and the city appealed.

It is shown that between the date of the payment made and the first of November, there was an unusual rise in the river, which greatly interfered with the plaintiff's operations; that during said time he performed work to the amount of $731 40 at the stipulated price; that about the latter date the City Surveyor took charge of and finished the work at a cost as set out in the answer, and on the ninth of November the ordinance annulling the contract was approved. It also appears that plaintiff made two applications to the Common Council—one on the sixteenth of October, to be relieved from his contract, or allowed indemnity for loss, on the ground that his outlay exceeded his compensation, and his means were insufficient to continue under the conditions of the contract; and another on the twenty-third of the same month, for an extension of forty-five days to complete the work, on the ground that the high water prevented his getting sand at the place designated by the Surveyor, and compelled him to discharge a large portion of his laborers. It appears further, that, under the stipulated conditions, the Council could, without a putting in default and without indemnity, annul the contract, if the plaintiff failed to complete the work by the first of November; and if he should abandon the work, or fail to finish it in conformity with his contract, he should forfeit all claims he may have for any part of the work done by him *up to the date of the abandonment*, and the city thereby discharged from any liability therefor; and if the contract be resold, the plaintiff and his sureties shall pay the difference between the price of the first and that of the second contract.

Under this state of facts the reconventional demand can not be sustained, the city not having resold the contract. Nor can the plaintiff recover the third and fourth items of his demand, which have no basis in law or equity. His right, however, to the first and second items, to the extent of the work actually performed by him, depends on the question whether or not he has forfeited them.

Bietry v. City of New Orleans.

The work not being finished at the time agreed on, it was clearly within the discretion of the Common Council to extend the time or annul the contract, but the right to enforce the penal clause depended on the fact whether or not the contractor was in fault within the conditions of the contract. The forfeiture is imposed by the express terms of the contract, in case the contractor abandons his work or fails to finish it in conformity with his agreement, and is applied to a claim for "work done by him *up to the date of his abandonment.*" Plaintiff did not abandon his work, but failed to complete it, *as to time*, in conformity with his contract. The evidence does not make it certain that he would not have done so, if the high water had not interfered with him. Some of the witnesses express the opinion that "the work would have been completed under contract within the time, but for the rise in the river." This can only be a matter of opinion, while the grounds of his application to the Common Council to be relieved, may raise some doubt. But the penal clause should be strictly construed, and in this view the forfeiture would result only from abandonment. But if this were not so, "the penalty being stipulated merely to enforce the performance of the principal obligation, it is not incurred, although the principal obligation be not performed, if there be a lawful excuse for its non-performance, *such as* inevitable accident or irresistible force." C. C. 2116.

Now, it is true, as stated by the City Attorney, that the city did not warrant against the rise in the river, and yet it may be an accident or force which will excuse the plaintiff, the obligor, for the non-completion of his work in the time fixed, and relieve him from the forfeiture of the pay for the work done by him up to the time at which he should have completed the whole of it. The facts of this case bring the plaintiff within the application of this doctrine.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff, John Bietry, recover of the defendant, the city of New Orleans, the sum of $1331 40, with legal interest from November 1, 1866, and that he have judgment dismissing defendant's reconventional demand, with all costs in the lower court; costs of appeal to be paid by plaintiff and appellee.