Statement of the Case.
MONROE, J.
Plaintiffs have appealed from a judgment maintaining the exception of “no cause of action disclosed” and dismissing their suit. The petition at which the exception was leveled reads, in substance, as follows:
“That on the 6th day of January, 1908, for and on behalf of Moorman & Givens, * * * Joseph R. Givens purchased of John R. Parker-son his (said Parkerson’s) one-half interest in, and good will of, the firm of Moorman & Parker-son * * * in the insurance business, at Franklin, La., for the sum of $1,000, which firm was also domiciled and then doing business in * * * Franklin; * * * that one of the conditions of said sale was that said John R. Parkerson would not re-enter the insurance business in opposition to either or both of the petitioners, but that, after said Parkerson’s retirement from the insurance business herein sold, he re-entered the same without the consent or authorization of petitioners in April or May of the same year, and has continued in said business ever since; _ * * * that the said business carried on by him is in an office in * * * Frank *838 lin within about 300 feet of the office where petitioners carry on their business, and where said Parkerson carried on his business at the time of said sale, which is in serious opposition, or competition to said business; that the radius of opposition or competition extends throughout the parish of St. Mary, with the exception of the Sixth and Eighth wards thereof; that said business is in direct contravention of the agreement which was drawn up on the aforesaid 6th of January, 1908, and signed by the parties thereto, including petitioners, * * * which is hereto attached; * * * that the business carried on by said Parkerson is all kinds of insurance business, which is the same kind of business purchased by petitioners by (from) said Parkerson, in which he actively solicits business all over the parish; that he carries on business in partnership with Emmet O'Niell, under the firm name of Parkerson. & O’Niell, which is causing petitioners irreparable injury; * * * that the business that they‘have been deprived of by reason of the violation of said agreement * * * amounts to $1,500 per year, * * * which they are entitled to recover of him, commencing from * * * April, or May, 1908, * * * and he should be enjoined * * * from carrying on said business in opposition to petitioners, either directly or indirectly. Wherefore they pray that a writ of injunction issue directed to the said * * * Parkerson * * * enjoining him from carrying on the said business in. opposition to petitioners at any place within the aforesaid radius; * * * that said contract be declared legal and binding, and that said injunction be * * * made perpetual, and that judgment be rendered in favor of your petitioners and against the said John R. Parker-son in. the full sum of $2,125, being the damages already suffered by the petitioners, to this date,” etc.
The contract sued on, and attached to the petition reads:
“Franklin, Louisiana, Jany. 6, 1908.
“The undersigned, Joseph R. Givens, agreed to buy from John R. Parkerson his one-half interest and good will in the firm of Moorman & Parkerson, in the insurance business, at Franklin, Louisiana, for the sum of $1,000. The undersigned, John R. Parkerson, also agreed to sell his one-half interest and good will in the insurance business for the above amount, and agreed not to enter in the insurance business in opposition to either or both of the above mentioned parties. John R. Parkerson also agreed to give time and attention to the interest and success of the business, as an employé, for not less than two months from date (for) which he is to receive $80 per month. It is understood and agreed * * * that the sale of said interest is * * * to date from the first day of January, 1908.
“[Signed] Jos. R. Givens.
“John R. Parkerson.
“Moorman & Givens.”
Opinion.
The law will not permit a man to bind himself by contract not to pursue at any time or at any place the calling whereby he earns his livelihood, because, being so bound, he may become a charge upon the community. But contracts whereby men bind themselves never thereafter to pursue a particular calling, within certain, reasonable, geographical limits, or not to pursue such calling at all within a limited and reasonable time, are generally upheld. Oregon Steam Nav. Co. v. Winsor, 87 U. S. 64, 22 L. Ed. 315; Fleckenstein Bros. Co. v. Fleckenstein, 76 N. J. Law, 613, 71 Atl. 265, 24 L. R. A. (N. S.) 913; 9 Cyc. pp. 525, 527.
The learned judge ad hoc based his ruling upon the finding that “no time or territorial limit is fixed by the contract” sued on: We are unable to agree with his finding. The thing sold was the insurance business carried on by defendant “at Franklin,” and what defendant bound himself to was not to enter in the insurance business in opposition to his vendees quoad the business sold (as we construe the contract). Of course, the business of an insurance agent who has established himself at Franklin may be worldwide, or state-wide, but the chances are that it is not, and plaintiffs have alleged that the particular business in question does not extend even to two of the wards in the parish of St. Mary. The case of Webb Press Co. v. Bierce, 116 La. 905, 41 South. 203, has no application, and the cases of Levine v. Michel, 35 La. Ann. 1121, and Dietzgen v. Kokosky, 113 La. 449, 37 South. 24, 66 L. R. A. 503, so far as they apply at all, sustain the position of plaintiffs.
It is therefore adjudged and decreed that the judgment appealed from be annulled, avoided, and reversed, and that the case be remanded to be further proceeded with according to law.