DAWKINS, J.
Fernand Mouton and defendant, Ambrose L. Marshall, were engaged in the fire insurance and real estate business in the town of La Fayette, La., and on December 28, 1918, Mouton acquired the interest of Marshall therein, under a contract containing the following stipulations, to wit:
*459 “It is further agreed that A. L. Marshall binds and obligates himself not to engage', directly or indirectly, in the insurance or real estate business in competition with the business presently carried on by the said firm for the period of twenty-four months from this date within the city and parish of La Fayette, Louisiana, or either said city or parish.
“It is further agreed that the said A. L. Marshall will not in any way make use of a list of any renewals of fire insurance either by sale or gift.
“It is further agreed that this agreement works a full and final annullment and abrogation of the contracts under which this partnership was formed, but the said Fernand Mouton reserves the right to enforce the terms of the present agreement of dissolution against the said A. L. Marshall.”
On January 8, 1919, Mouton sold the insurance business which had previously been owned by the firm of Mouton & Marshall, and which at that time belonged exclusively to him, to Frank W. Meyers, who was then and had been for some years engaged in the same business in La Fayette. Under the terms of the sale, Mouton was to have an interest in the renewals of the policies on business held at the time of the transfer.
Early in the year 1919 Marshall reengaged in the insurance business in La Fayette, in open violation of his agreement with Mouton; and thereupon Mouton and Meyers filed this suit to enjoin said action on the part of Marshall, and for damages on account of the violation of his contract. The district court gave judgment for plaintiffs, enjoining defendant from pursuing the real estate and insurance business in violation of said contract, and for the sum of $50 per month from March 29, 1919, until satisfaction of the judgment. Defendant appealed to the Court of Appeal, which sustained the injunction, but reversed the moneyed portion of the judgment, on the ground of the insufficiency of the proof as to damages. Thereupon the plaintiffs applied here, and the case was ordered up for review.
Opinion.
[1] The record conclusively establishes the violation of his contract by the defendant, and the right to enforce performance of such an undertaking, and to recover for damages caused by the breach thereof, is well settled in the jurisprudence of this court. Yonderbank v. Schmidt, 44 La. Ann. 264, 10 South. 616, 15 L. R. A. 462, 32 Am. St. Rep. 336; Moorman & Givens v. Parkerson, 127 La. 835, 54 South. 47.
[2] On the question of proof of damages resulting from the willful violation- of the contract by defendant, plaintiffs made the best proof which the case afforded at the time, and the defendant made no effort to contradict it. However, no preliminary injunction was issued, and the judgment granting it on trial was suspensively appealed from by defendant, with the result that the decree in favor of plaintiffs by the Court of Appeal, maintaining the writ and reversing the judgment of the lower court for damages, will, if permitted to stand, be an empty victory, for the reason that practically the entire period of 24 months, during which Marshall agreed not to engage in a competing business, will have expired when the case becomes final. In such circumstances, we think that the ends of justice required that the case be remanded on the question of damages, in order to afford plaintiffs an opportunity for making proof, not only of the amount accrued at the time of filing this suit, but of such damages as may have been occasioned subsequently thereto, and during the period when the injunction was not in force.
For • the reasons assigned, the judgment of the, Court of Appeal, in so far as it maintains the writ of injunction, is affirmed, and the ease is remanded to the district court for the purpose of allowing the plaintiffs to make proof of the damages suffered on account of the violation of the contract by defendant, up *461 to arid including the date when the decree maintaining the injunction becomes final, and in accordance with the views herein expressed; defendant to pay the costs of the Court of Appeal and of this court, and all other costs to await the final judgment.