13 So.2d 287

NIBLETT FARMS, Inc., v. MARKLEY-BANKHEAD, Inc., et al.

No. 36764.

March 8, 1943.

Rehearing Denied April 12, 1943.

McCoy & King, of Lake Charles, for plaintiff-appellant.

Liskow & Lewis, of Lake Charles, for defendant-appellee.

ODOM, Justice.

The plaintiff corporation owns a large tract of land in the Parish of Jefferson Davis. On September 16, 1941, it addressed a communication to Markley-Bankhead, Inc., of Lake Charles, Louisiana, the opening statement of which reads as follows: "We hereby grant you the exclusive privilege, for a period of three months from today, of entering upon the following described lands in Jefferson Davis Parish aggregating 12,132.46 acres, for the purpose of making geophysical exploration thereof by the torsion balance or reflection methods, or drilling thereon."

Then follows a description of the land. The communication contains the following stipulation: "Prior to or at the end of said three months period you may avail yourself of either of the following options: (a) to renew same for an additional period of three months upon the payment of the additional sum of $3,033.12; (b) to select such acreage as you desire to retain under a lease on the terms hereinafter provided."

It is further stipulated that, if, during either of the aforesaid periods, "you desire to select a portion of the lands as hereinabove provided for and retain same under a lease, we will execute same upon the same form of lease that we executed in favor of the Continental Oil Company on October 31, 1939, with the exception of the changes hereinafter stated".

Another pertinent stipulation set out in the communication reads as follows: "(3) You have the right and privilege if you so desire, though you are not obligated to do so, of drilling out the plug in the well drilled and abandoned by the Continental Oil Company in an effort to rework same and restore production therefrom, or to en-

deavor to obtain production from any other stratum or strata of sand penetrated in the drilling thereof as in your judgment may be advisable."

On the same day, September 16, 1941, Markley-Bankhead, Inc., addressed the following communication to Niblett Farms, Inc., the plaintiff in this case: "As a consideration of the execution of a geophysical and exploration contract upon the 12,132.46 acres of land owned by you in Jefferson Davis Parish, we obligate ourselves that in the event we do not commence drilling a well or reworking the abandoned well upon your property within the three months period and prosecute same in good faith, we will pay you the sum of Three Thousand Thirty-three and 12/100 Dollars ($3,033.12)."

On October 31, 1941, which was prior to the date on which the three months' option expired, the letter granting geophysical privileges, etc., was modified by the parties as follows:

"For an adequate, sufficient and valuable consideration, we hereby agree that the letter granting geophysical privileges and right of selection addressed to Markley-Bankhead, Inc., on September 16, 1941, shall be modified and amended in the following particulars:

"(a) The optionees shall be T. G. Markley and A. J. Bankhead, and Markley-Bankhead, Inc., hereby recognizes the validity of the above change."

This instrument contains the further stipulation that Article 1 of the original proposal shall be amended; but that amendment is not pertinent to the issue involved in this litigation.

This instrument of October 31, 1941, which modified and amended the original, was signed as follows:

> "Niblett Farms, Inc.
> "By: (Signed) C. A. McCoy,
> 　　　　　　　President.
> "Markley-Bankhead, Inc.
> "By: (Signed) T. G. Markley,
> 　　　　　　　President.
> 　　"(Signed) T. G. Markley
> 　　"(Signed) A. J. Bankhead."

Niblett Farms, Inc., brought the present suit against Markley-Bankhead, Inc., T. G. Markley, and A. J. Bankhead, alleging that the defendant corporation and the individuals named in the instrument dated October 31, 1941, were indebted unto it in solido in the sum of $3,033.12, with interest thereon at 5 per cent per annum from December 16, 1941, until paid.

Plaintiff alleged that on the 16th day of September, 1941, it executed a geophysical privilege in favor of Markley-Bankhead, Inc., on 12,132.46 acres of land belonging to it in Jefferson Davis Parish, for a period of three months, "granting said Markley-Bankhead, Inc., the option, either during or at the expiration of said period, of extending the privilege for an additional period of three months upon the payment of a consideration" of $3,033.12.

Plaintiff further alleged that the geophysical privilege extended to the said Markley-Bankhead, Inc., "the right to go upon plaintiff's land, explore same with geophysical instruments and, either during

the original period of three months, or, in the event of an extension thereof, during the extended period, the right to make a selection of such portions thereof, as it desired to hold under an oil, gas and mineral lease". Plaintiff attached to its petition as "Exhibit A" a carbon copy of the original agreement.

Plaintiff further alleged that a companion document was executed at the same time "as a part of said contract by Markley-Bankhead, Inc., declaring that as a consideration of the execution of said geophysical and exploration contract heretofore described, it obligated itself that in the event it did not commence drilling a well or reworking the abandoned well upon petitioner's property within a period of three months and prosecute same with good faith, it would pay the sum of Three Thousand thirty-three and 12/100 ($3,033.12) [Dollars], the original of which document is annexed thereto as Exhibit 'B'". Plaintiff further alleged in Paragraph 5 of its petition that on the 31st day of October, 1941, "at the request of said Markley-Bankhead, Inc., the original geophysical and exploration contract was modified, making T. G. Markley and A. J. Bankhead optionees instead of Markley-Bankhead Inc."

Paragraph 6 of plaintiff's petition reads as follows: "Your petitioner further represents that neither the said Markley-Bankhead, Inc., T. G. Markley nor A. J. Bankhead, or any other assignees, made a selection within the period of three months from date of the original geophysical and exploration option, nor did they commence the drilling of a well within a period of three months from September 16, 1941, and by reason of the default thereof, there is due your petitioner by Markley-Bankhead, Inc., Thomas G. Markley and A. J. Bankhead, in solido, as a consideration for the granting of said geophysical and exploration contract the sum of Three Thousand Thirty-three and 12/100 Dollars ($3,033.-12), with interest at the rate of five per cent per annum from December 16, 1941, until paid."

The defendants, Markley-Bankhead, Inc., and A. J. Bankhead, filed exceptions of misjoinder and vagueness. When these exceptions were taken up for trial, plaintiff dismissed its suit against the two individuals, Thomas G. Markley and A. J. Bankhead, and the suit was prosecuted against the corporation Markley-Bankhead, Inc., only; so that the exception of misjoinder passed out of the case.

The exception of vagueness was based upon the proposition that, while the plaintiff had alleged that a selection had not been made and that a well had not been commenced within the first three months' period of the contract, the plaintiff's allegations did not show whether the contract had been extended for an additional three months' time by the payment of $3,033.12.

The exception of vagueness was sustained by the court, and the plaintiff was given 10 days in which to amend its petition. Within the time specified, plaintiff amended its petition by adding thereto two articles, numbered "9" and "10", reading as follows:

"9. Plaintiff alleges that on the 15th day of December, 1941, availing itself of the

privilege of extending the geophysical contract and the option to lease, the Gulf Refining Company paid plaintiff herein the sum of Three Thousand Thirty-three and 12/100 Dollars ($3,033.12) for a renewal of the geophysical contract for a period of three months, which under the terms of the option expired by limitation on March 16, 1942.

"10. Plaintiff alleges that the payment by the Gulf Refining Company was not in satisfaction of the obligation entered into by Markley-Bankhead, Inc., on September 16, 1941 that in the event it did not start drilling a well or reworking the Continental well within a period of three months, it would pay Three Thousand Thirty-three and 12/100 Dollars ($3,033.12) as the consideration for the granting of a geophysical privilege for a period of three months from September 16, 1941, forming the basis of plaintiff's demand."

Thereupon, the defendant Markley-Bankhead, Inc., excepted to plaintiff's original and amended petitions on the ground that they set out no cause or right of action.

These exceptions were maintained by the court, and plaintiff's suit dismissed at its costs. From the judgment maintaining these exceptions, the plaintiff appealed.

The communication which plaintiff addressed to Markley-Bankhead, Inc., on September 16, 1941, granted to the defendant corporation an option to do one of three things within a period of three months from September 16, 1941. The defendant could, within that period of time, enter upon plaintiff's land for the purpose of making geophysical explorations or drilling on the land for the production of minerals or reworking an old well which had been drilled in 1939 by an oil company.

Markley-Bankhead, Inc., the corporation, was the optionee. The corporation on the same day accepted the option by executing the document referred to as "Exhibit B", in which it obligated itself to pay to the plaintiff, optionor, the sum of $3,033.12 in case it did not, within the three months' period, commence the drilling of a well or the reworking of the abandoned well on the property.

But the contract between the plaintiff and the defendant corporation was modified and amended prior to the expiration of the three months' period, as follows: "The optionees shall be T. G. Markley and A. J. Bankhead". The effect of this modification and amendment of the original contract was not to assign the rights and privileges of the corporation to T. G. Markley and A. J. Bankhead, but was to substitute those individuals as parties to the contract in the place and stead of the corporation, Markley-Bankhead, Inc. This substitution was specifically agreed to by the plaintiff and by Markley-Bankhead, Inc., the original parties to the contract, and was agreed to by the substituted parties as well. The result was that, after the modification and amendment, Markley-Bankhead, Inc., was no longer a party to the contract. Thereafter, it had no right to go upon plaintiff's property for the purpose of making geophysical explorations, or of drilling the property for the production of minerals, or of reworking the old well.

It was no longer the "optionee". Since Markley-Bankhead, Inc., had lost its right to go upon the land and explore it, its original obligation to pay the stipulated penalty for its failure to do so was extinguished.

Article 2120 of the Revised Civil Code reads as follows: "The penalty being stipulated merely to enforce the performance of the principal obligation, it is not incurred, although the principal obligation be not performed, if there be a lawful excuse for its non-performance, such as inevitable accident, or irresistible force."

In the case of Williams v. Hunter, 13 La.Ann. 476, the court, in commenting on this article, said that "inevitable accident" and "irresistible force" are not the only excuses for the nonperformance of the principal obligation, but are merely illustrations of what may be deemed a lawful excuse. The court said that the impossibility for defendant to execute an agreement was an excuse, "such as 'inevitable accident or irresistible force,' inasmuch as this impossibility did not originate from her fault or fraud".

In People's Bank v. Cage, 40 La.Ann. 138, 3 So. 721, Paragraph 2 of the syllabus, which is a correct statement of the ruling by the court, reads as follows: "Every obligation is the correlative of a corresponding right, and when the right is destroyed the obligation is equally extinguished."

Clearly the defendant corporation's rights under the original contract were destroyed with the express consent of the plaintiff, and

it follows necessarily that its obligations under that contract were likewise extinguished.

The following extract is quoted from 17 C.J.S., Contracts, § 373, p. 858: "A third person may be substituted in the place of a party to a contract with the consent of both the original parties * * *."

That is precisely what was done in this case.

Counsel for plaintiff in their brief at page 10 quote Article 2725 of the Revised Civil Code, which provides that "The lessee has the right to underlease, or even to cede his lease to another person, unless this power has been expressly interdicted. The interdiction may be for the whole, or for a part; and this clause is always construed strictly".

In commenting upon this article, counsel say that Markley-Bankhead, Inc., the defendant, exercised its right "to underlease, or even to cede" its lease "to another person", by "assigning same to Gulf Refining Company who availed itself of the privilege of renewing the lease for an additional period of three months".

But plaintiff did not allege that the defendant Markley-Bankhead, Inc., assigned its lease to the Gulf Refining Company, nor did it attach to its petition or file in evidence any document or documents showing or even indicating that such an assignment was made. Plaintiff alleged in Paragraph 9 of its amended petition that the Gulf Refining Company, on December 15, 1941, "availing itself of the privilege of extending the geophysical contract and

the option to lease", paid to plaintiff the sum of $3,033.12 "for a renewal of the geophysical contract for a period of three months". Just how the Gulf Refining Company `acquired the privilege of extending the geophysical contract and the option to lease is not disclosed by the record.

For the reasons assigned, the judgment is affirmed at appellant's costs.