HAMITER, Justice
(dissenting in part).
The pertinent recitals of the penal lease clause sought to be enforced in this action are: “At the expiration of this lease or its termination for other causes, Lessee is to immediately surrender possession * * *, and should Lessee fail to surrender possession he consents to pay as liquidated damages five times the rent per day for every day of his failure to do so, with attorney’s fees, costs, etc.”
In my opinion a clause of this kind, containing such an unusual and severe penalty, may be enforced when it is clearly shown that the lessee has acted wantonly or maliciously in refusing to surrender the possession or that he has availed himself of the delays of the law for retaining the premises without having reasonable grounds for believing that he is within his legal rights in doing so.
But the clause' should not be enforced where a lessee, following the landlord’s institution of an eviction action alleging the expiration of the lease or its termination by some breach thereof, continues possession of the premises in all good faith and on the advice of competent counsel; he offers a reasonable and a substantial (not necessarily a valid) defense to the suit; and from an adverse judgment he obtains and perfects (through his counsel) a suspensive appeal, a hearing on which is delayed for many months by reason of a congestion of litigation in the appellate court. A holding that it must or can be enforced under such facts and circumstances, the same as prevail in the instant action as I appreciate them, would be in contravention of public policy as tending to deny to a good faith litigant his guaranteed rights of having his cause determined by a competent trial court and any adverse judgment reviewed on appeal; because, unquestionably, it would act as a deterrent to the litigant’s attorney, no matter how convinced he might be of the correctness of his position, in advising the client to offer a defense to an eviction suit involving a lease which contains such a clause.
Very recently an eviction action was considered and determined by this court in Canal Realty & Improvement Company, Inc., v. Pailet, 217 La. 376, 46 So.2d 303. Therein the landlord had alleged a termination of the lease by reason of a breach of certain provisions of the contract, and the district court ordered the lessee to vacate the premises. On the appeal the issues presented were vigorously contested, and, following our lengthy consideration of them and a determination thereof with much difficulty, the judgment was reversed. But if the judgment had been affirmed and the lease involved had contained a clause like the present one, could it be correctly *522 held that the lessee must he condemned for five times the agreed rental for having pursued his legal remedies in good faith?
The instant action, I think, is to be considered in the light of those cases presenting agreements in which persons have bound themselves not to pursue certain callings for an unreasonable length of time or within reasonable geographical limits. In such cases this court held that the agreements were void as being against public policy, Moorman & Givens v. Parkerson, 127 La. 835, 54 So. 47; Ullman & Company v. Levy, 172 La. 79, 133 So. 369; Cust v. Item Company, Limited, 200 La. 515, 8 So.2d 361.
Also relevant to this cause are the following provisions of the Revised Civil Code:
A penal clause is a secondary obligation, entered into for the purpose of enforcing the performance of a primary obligation.” Article 2117.
“The penalty being stipulated merely to enforce the performance of the principal obligation, it is not incurred, although the principal obligation be not performed, if there be a lawful excuse for its non-performance, such as inevitable accident, or irresistible force.” Article 2120.
this court has said that the mentioned “inevitable accident, or irresistible force” are not the only excuses for the non-performance of the principal obligation, but are merely illustrations of what may be deemed a lawful excuse. Williams v. Hunter, 13 La.Ann. 476; Niblett Farms v. Markley-Bankhead, Inc., 202 La. 982, 13 So.2d 287.
Admittedly the clause in question is penal in nature. This being true, and under the authority of the above codal provisions, the penalty stipulated has not been incurred by this defendant for the reason that his furnishing, in good faith and on the advice of competent counsel, a reasonable and substantial defense to the eviction action constituted a lawful excuse for his obligation to vacate the premises.
It is my opinion, therefore, that defendant is not liable under the discussed penal clause, and that he should be condemned to pay herein only such rental as would have accrued under the terms of the lease had it continued for the 543-day period. '