52 So.2d 240

**NELSON v. HOLDEN et al.**

No. 39513.

Feb. 12, 1951.

Rehearing Denied March 19, 1951.

Eugene Stanley, New Orleans, for defendant-appellant.

Phelps, Dunbar, Marks & Claverie and Louis B. Claverie, all of New Orleans, for plaintiff-appellee.

PONDER, Justice.

The defendant is appealing from a judgment awarding the plaintiff $4,500.00 for the defendant's breach of a contract.

The plaintiff entered into a contract with the defendant to purchase real estate and improvements thereon, designated as Municipal Number 438 Audubon Blvd., located in the City of New Orleans, for the sum of $45,000.00 cash. The plaintiff deposited $4,500.00, 10% of the purchase price, as required by the contract. It was stipulated in the contract, "In the event the seller does not comply with this agreement within the time specified, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid

as penalty by the seller; or purchaser may demand specific performance, at his option." The defendant refused to comply with the contract and the deposit was returned to the plaintiff. The plaintiff is seeking in these proceedings to recover the penalty provided for in the contract. The defendant refused to transfer the property on the ground that she was unable to do so because it was community property and not her separate property. The lower court, on trial of the case, gave judgment awarding the plaintiff the penalty and the defendant has now appealed.

The defendant contends that the plaintiff is not entitled to recover the penalty or stipulated damages and that he is relegated to a claim for the actual damages he has suffered for the breach of contract under the provisions of Article 2315 of the Revised Civil Code. She relies on Articles 1933, 1934, 2120 and 2127 of the Revised Civil Code. She takes the position that the penalty cannot be invoked for the reason that there was a lawful excuse for her nonperformance of the contract because of an inevitable accident, or irresistible force. Her contention is based on the ground that the penalty should not be invoked because she contracted to sell the property through error of law believing at that time that it was her separate property. She cites Williams v. Hunter, 13 La.Ann. 476; Bietry v. City of New Orleans, 22 La.Ann. 149, 151; Wilberding v. Maher, 35 La.Ann. 1182; Wagner Co. v. City of Monroe, 52 La.Ann.

2132, 28 So. 229, and Niblett Farms, Inc. v. Markley-Bankhead, Inc., 202 La. 982, 13 So. 2d 287. A review of the cases cited shows that they involve entirely different factual situations and are not applicable.

From our review of the record, we find that the property stands in the name of the defendant. On April 6, 1936, the Conservative Homestead Association transferred the property to the defendant and in the deed it is stated that the property is the separate and paraphernal property of the defendant and acquired with her paraphernal funds. This deed is signed by both the defendant and her husband.

■■■ It is not necessary for us to pass on the question of whether or not the defendant can contradict or vary the declarations contained in the act and contend that the property is not, as declared in the act, her separate and paraphernal property because in either event the defendant could not be relieved of her engagement. She could not be relieved of her engagement if the property was owned by the community under the holding in the case of Mathews Bros. v. Bernius, 169 La. 1069, 126 So. 556 and the authorities cited therein. The Bernius case has been cited with approval in many cases. A married woman who assumes that a piece of real estate is her separate property and contracts to sell it has the power to bind herself to pay liquidated damages in event she fails to comply with her contract even though it appears that her assumption was erroneous. She is in the same

position as she would be if she could not convey title to the property because it was owned by a stranger. Whether or not the community owned the property is unimportant. She has contracted to sell the property and obligated herself to pay the penalty as liquidated damages for her failure to comply with the contract.

For the reasons assigned, the judgment is affirmed at appellant's cost.

HAWTHORNE, J., takes no part.