SAMUEL, Judge.
Through a realtor, H. J. Comeaux Realty Co. Inc., defendant submitted to the plaintiff a written offer dated April 21, 1966 to purchase for the sum of $19,000 four certain unimproved lots in the Parish of Jefferson owned by the plaintiff. In pertinent part the offer provided: (1) the act of sale was to be passed before plaintiff’s notary on or prior to sixty days from the date of the offer; (2) if the offer was accepted by the vendor the purchaser agreed to deposit with H. J. Comeaux Realty Co. Inc., immediately in cash, 10% of the purchase price or $1,900; and (3) in the event the purchaser failed to comply with the agreement within the time specified, the seller had the right to declare the deposit forfeited plus an equal amount as penalty or demand specific performance.
Plaintiff accepted the offer in writing. However, unknown to him, the realtor did *350 not obtain the cash deposit of $1,900 from the defendant. The realtor accepted the defendant’s promissory note in lieu thereof.
The act of sale was scheduled for June 20, 1966. Despite prior receipt of notice thereof, defendant did not appear to take title; the only persons who made an appearance were plaintiff and the realtor. On that occasion plaintiff learned for the first time that the realtor had not obtained the cash deposit called for by the offer and that the defendant had given the realtor a promissory note instead. At the request of the realtor, and after plaintiff had obtained the information relative to the deposit, plaintiff extended the time an additional thirty days for passage of the act of sale. The extension was reduced to writing and signed by both litigants.
Subsequently the act of sale was set for July 20, 1966. Defendant again failed to appear and again the realtor requested an additional extension. Plaintiff refused the request and then filed this suit against the purchaser on a promissory note and on the contract, seeking $1,900 plus 20% attorney’s fees, as provided by the note in suit, and an additional $1,900 penalty as provided by the contract.
After trial there was judgment in favor of the defendant, dismissing plaintiff’s suit at his cost. The judgment is based upon a finding that plaintiff had waived both the deposit requirement and the penalty provision of the contract when, knowing the defendant had not made the cash deposit and had given a note instead, he extended the time within which the act of sale was to be passed. We cannot agree with this finding in its entirety.
Imprimis, we note an apparent lack of mutuality in the agreement’s penalty clauses. As we have already pointed out, the contract provides that upon a failure to comply by the purchaser the seller had the right to forfeit the deposit and also collect an equal amount as penalty. It further provides that in the event of noncompliance by the seller within the time specified the purchaser had the right to require a return of the amount of his deposit plus an equal amount as penalty. In either case specific performance could be demanded at the option of the nondefaulting seller or the nondefaulting purchaser. Thus the purchaser could incur penalties in the amount of $3,800 whereas the vendor could incur penalties in the amount of only $1,-900. However, the parties were free to contract as they saw fit, the defendant makes no complaint about lack of mutuality of the penal clauses, and we must enforce the contract as written. In this connection we also note the defendant was in what he describes as “the construction real estate business” and a part of that business consisted of buying and selling real estate.
In our opinion plaintiff did not waive the penalty provision of the contract when he granted an extension of time with knowledge that the cash deposit had not been made and a promissory note had been given in lieu thereof. It is true that at that time he could have declared the contract breached by the defendant for failure to take title within the time set by the contract and he did have the right to damages or specific performance under the contractual provisions regardless of the fact that the cash deposit had not been made. (Ducuy v. Falgoust, 228 La. 533, 83 So.2d 118; Nelson v. Holden, 219 La. 37, 52 So.2d 240; Bayon v. Pettingill, La.App., 77 So.2d 202; also see Richmond v. Krushevski, 243 La. 777, 147 So.2d 212), a right which he did not choose to exercise. It is also true that both the deposit and penalty provisions being for his benefit, he had the right to waive either or both. But the penalty provision is related to the deposit chiefly in that the two are in the same amount. While plaintiff clearly waived the cash deposit requirement, we find no merit to the argument that he also waived his right to enforce the penalty provision in the event of noncompliance by the defendant within the extended time. The record is devoid of any evidence of any in *351 tention to waive that provision and the continued existence of the penalty is consistent with, and in no manner contrary to, the extension and its obvious purpose of giving the defendant additional time to take title. Accordingly, plaintiff is entitled to a judgment in the amount of the penalty, $1,900, as a result of defendant’s breach in failing to take title on July 20, 1966, the date on which the act of sale was to be passed and the last day of the extended time to take title.
The question of whether plaintiff, by the extension, waived the deposit requirement in its entirety or waived only the requirement of a cash deposit, accepting a deposit by note in lieu thereof, is not material in view of our conclusions relative to the promissory note in suit. That note is made by the defendant, dated April 21, 1966, in the amount of $1,900, and payable to the order of “H. J. Comeaux Realty Co. Inc.” sixty days after date. The note is not endorsed.
Under LSA-R.S. 7:49 (N.I.L. § 49) the holder of an instrument payable to his order may transfer it for value without endorsing the instrument. But mere possession of an unendorsed instrument payable to order is not prima facie evidence of ownership against the maker; as the face of the instrument indicates that title is in a person other than the possessor, the burden is upon the possessor to show his ownership ; he must prove a valid transfer or he is without right to sue on the instrument. Beutel, Brannan’s Negotiable Instruments Law (7th ed. 1964), pp. 650-653 and cases cited therein.
In the instant case the only witnesses who testified were the two parties litigant. The sole testimony given by plaintiff relative to the note was that he came into “possession” of the same. The defendant gave no testimony relative to the note; he was not questioned regarding the instrument. Under these circumstances, even though it is quite possible that the note in suit is the note actually given by the defendant as a deposit, we are of the opinion that plaintiff cannot successfully prosecute this suit without the endorsement of the payee to whose order the note is made or without proof of a transfer of the instrument from the payee to the plaintiff. As we have already said, no evidence of any kind was offered to show a transfer.
We conclude that plaintiff cannot recover either the amount of the cash deposit, as such, because no such deposit was made and he waived that deposit, or the $1,900 called for by the note, because he has failed to establish his right to recover thereon.
As plaintiff is without right to recover on the note, it follows that he cannot recover the 20% attorney’s fee provision contained in the note. The contract does contain a general provision for attorney’s fees and costs; but it contains no provision for liquidated attorney’s fees. Plaintiff has prayed for, and relies on, only the 20% attorney’s fee stipulated by the note; he has offered no evidence relative to his attorney’s fees and costs.
For the reason assigned, it is ordered, adjudged and decreed that the portion of the judgment appealed from which denies a recovery of $1,900 penalty is hereby annulled, avoided and reversed and it is now ordered that there be judgment in favor of the plaintiff, Robert R. Richmond, Jr., and against the defendant, George J. Bode, in the full sum of $1,900 with legal interest thereon from date of judicial demand until paid; all costs in both courts to be paid by the defendant. In all other respects the judgment appealed from is affirmed.
Reversed in part; affirmed in part.