SAMUEL, Judge.
Plaintiff, Louis E. Lions, filed this suit against the Police Jury of St. John the Baptist Parish, Burk & Associates and Barriere Construction Company, to restrain the construction of a waterworks project financed by a bond issue. In the petition, but not in the prayer, he alternatively sought to compel the police jury to provide water service to all citizens within the water district for which the bonds were issued and, further in the alternative, to return all taxes he had paid to finance the bond issue in question.
Because the petition was ambiguously drafted, a pre-trial conference was held to clarify the issues to be decided by the court. It was stipulated and agreed that the water district mentioned in the suit was Water District No. 3 (or Fire Protection District No. 2)[1] which comprises an area in St. John the Baptist Parish in which the plaintiff is a resident and property owner.
*765 Following the conference, the court dismissed plaintiff’s contention that the tax and revenue bonds issued to finance the construction of the water system was discriminatory because some of the persons taxed, including the plaintiff, received no services therefrom. The basis for the court’s action was plaintiff’s failure to pursue his cause of action within 60 days as provided by R.S. 39:518.[2] The court also dismissed Burk & Associates and Barriere Construction Company from the suit on the ground the petition stated no cause of action against them. In addition, plaintiff stipulated and agreed to limit his complaint to the sole issue of whether the police jury can legally tax a resident of the district without including that resident and tax payer in the benefits intended to be proved for by the taxation. Thus, plaintiff has abandoned his claim for injunctive relief to restrain construction and that issue was not before the trial court and is not before us.
The police jury then filed an exception of prescription to the petition as interpreted by the trial court in its pre-trial finding. The exception is based on the contention that the plaintiff’s cause of action prescribed for failure to file a suit within 60 days after promulgation of the bond election as required by Article 14, § 14(n) of the Louisiana Constitution of 1921.
After a hearing in which evidence was taken, the trial court rendered judgment in favor of the plaintiff. The judgment affords the defendant police jury the option of either returning to plaintiff all taxes paid by him pursuant to the bond issue or of providing plaintiff with all the services originally intended in the plans and specifications prepared by Burk & Associates, which indicated water service would be furnished to plaintiff’s property. The exception of prescription was dismissed.[3] The police jury has appealed.
The record discloses the bond election complained of was held in 1968, and the results of the election (in favor of issuance) were promulgated on June 17, 1968. Plaintiff filed this suit on April 24, 1973, more than four years after the promulgation of the election results.
Defendant relies on the provisions of Article 14, § 14(n) of the Louisiana ■ Constitution of 1921 which provides:
“For a period of sixty (60) days from the date of promulgation of the result of any election held under the provisions of this section, any person in interest shall have the right to contest the legality of such election, the bond issue provided for, or the tax authorized, for any cause; after which time no one shall have any cause or right of action to contest the regularity, formality, or legality of said election, tax provision, or bond authorization, for any cause whatsoever. If the validity of any election, special tax or bond issue authorized or provided for, held under the provisions of this section, is not raised within the sixty (60) days herein prescribed, the authority to issue the bonds, the legality thereof and of the taxes necessary to pay the same shall be conclusively presumed, and no court shall have authority to inquire into such matters. The provisions of this section shall not apply to the City of New Orleans.” La.Const. Art. 14, § 14 (n).
The police jury also relies on R.S. 39:518, the first two paragraphs of which provide:
“For a period of sixty days from the date of promulgation of the result of any election held under the provisions of this Part, any person in interest may contest the legality of the bond issue provided for, the tax authorized or the assumption of debt provided for any cause, after *766 which time, no one may contest the legality, formality or regularity of the election or debt assumption for any cause whatsoever. If the validity of any election is not raised within the sixty days herein prescribed, the authority to issue the bonds, and to levy the tax, or assume the debt and the regularity thereof, shall be conclusively presumed, and no court shall have authority to inquire into such matters.” LSA-R.S. 39:518.
“With reference to Part III (A) of this Chapter, if any resolution adopted or proceeding had more than thirty days after the promulgation of the result of the election, no contest, action or proceeding to question the validity or legality of the resolution or proceeding so adopted shall be begun in any court by any person for any cause whatsoever, after the expiration of thirty days from the date when the resolution was adopted or proceeding had.” LSA-R.S. 39:518.
As reflected by these quoted constitutional and statutory sources, it is implicit in the approval of a bond issue and the sale of revenue bonds pursuant thereto that the revenue derived from the tax approved at the bond election will be used to liquidate the indebtedness represented by the bonds. The 60 day limitation on contesting bond issues was adopted in the public interest to protect the public fisc and the bonds to be issued after a reasonable time has been allowed to the tax payers within which to contest the validity thereof for any cause whatever. If unlimited time were allowed a taxpayer to sue for a refund and future nonpayment of taxes because the proceeds of a bond issue were insufficient to afford anticipated services to him, there could never be certainty as to the validity of bond elections or bond issues, nor could a bond purchaser reasonably believe taxes sufficient to pay issues would be collected; consequently, the difficulty imposed upon a public body in raising funds for public improvements would be increased to the point of probable impossibility.[4]
Insofar as the issue of return of taxes is concerned, we are of the opinion defendant’s exception of prescription is well founded. Plaintiff’s suit, filed more than four years after the promulgation of the election result, for return of taxes paid by him pursuant to the bond issue is prescribed under the provisions of the above quoted constitutional and statutory authorities. Both provide, in pertinent part, that the tax authorized by the bond issue can be contested only for a period of 60 days from the date of the promulgation of the result of a bond election and that, after the 60 day period has elapsed, the validity of that tax shall be conclusively presumed, and no court shall have the authority to inquire into the same.
Nor can we order the defendant to provide plaintiff with all the services intended in the plans and specifications prepared by the former’s engineers. The defendant did originally intend to construct a new system which would provide water service to plaintiff’s home, and there is nothing in the record to indicate any change in that intention. In 1973 the engineer informed the police jury the project had to be restricted because of insufficient funds to complete the entire project as originally planned. This was the first time the defendant became aware of the problem. As a result, plaintiff did not receive the water service originally intended to be furnished to him.
The record discloses that funds made available by the bond issue were not sufficient to pay for the proposed improvements and the construction can be completed only to the extent permitted by the amount of funds so received. Under such circumstances, completion as originally anticipated is impossible, and the courts will not or *767 der an act, the performance of which is impossible.[5]
For the reasons assigned, the judgment appealed from is reversed and it is.now ordered that defendant’s exception of prescription be maintained and that there be judgment in favor of the defendant, the Police Jury of St. John the Baptist Parish, and against the plaintiff, Louis E. Lions, dismissing said plaintiff’s suit at his cost in both courts.
Reversed.
SCHOTT, J., concurs with written reasons.
MORIAL, J., concurs for the reasons assigned by SCHOTT, J.

. Plaintiff emphasized water service, but the bond issue was in conjunction with Fire Protection District No. 2 of St. John the Baptist Parish. Plaintiff’s position is that there cannot be fire protection without water service.

. gee also Article 14, § 14(n), Louisiana Constitution of 1921.

. The court also dismissed plaintiff’s suit insofar as it purported to be a class action since the suit was not prosecuted or tried as such.

. See Gough v. LaSalle Parish School Board, 210 La. 554, 27 So.2d 330.

. Cf. Civil Code Articles 1891 and 1983 ; Niblett Farms v. Markley-Bankhead, 202 La. 982, 13 So.2d 287; Romero v. Newman, 50 La.Ann. 80, 23 So. 493; State v. Carleton, 242 Minn. 296, 64 N.W.2d 776.