333 So.2d 696 (1976)
N. E. ENGLAND ASSOCIATES, INC.
v.
Augustus H. DAVIS and D & G Maintenance Corp.
No. 7464.
Court of Appeal of Louisiana, Fourth Circuit.
June 9, 1976.
*697 Newman, Duggins, Drolla & Gamble, David D. Duggins and Cameron Gamble, New Orleans, for plaintiff-appellee.
Anderson Council, New Orleans, for defendants-appellants.
Before STOULIG, SCHOTT and BEER, JJ.
BEER, Judge.
Plaintiff-appellee, N. E. England Associates, Inc. (hereafter, "England"), commenced this litigation as the unpaid holder of a note originally executed by defendant-appellant, Augustus Davis (hereafter, "Davis"), for the purpose of borrowing sufficient funds to meet premium payments due on certain insurance policies which required renewal in December, 1974. The renewal premiums totaled $1,348.91. A note was prepared for Davis to sign in favor of First Metropolitan Bank. The bank was to pay England and be reimbursed by Davis, who was to make a first payment of $337.22, and eight subsequent monthly installments of $131.14.
The coverage was, in fact, renewed but was, several months thereafter, cancelled by England when it became evident that Davis had defaulted. "Suit on a Note" was filed for the premium that had been earned from the date of renewal to the date of cancellation plus interest and attorneys' fees as provided for in the note.
The trial court rendered judgment in favor of England for $531.98, the amount of premium earned as of the date of the cancellation of the policies, plus 8% interest and 20% attorneys' fees.
Davis appeals, contending, we believe, correctly, that First Metropolitan Bank never negotiated the note to England, who, therefore, is not the proper party to institute suit to collect the unpaid note.
At the trial, Mr. Robert Gay, Vice President of England, testified that he prepared the note and sent it to Davis, who signed it and returned it to England. The policies were, then and there, renewed. However, the bank never advanced any funds, for the note was never negotiated to it even though it was signed and payable to the bank's order. England simply held the note but, nevertheless, went ahead and advanced to the insurance companies the premium payments required to renew Davis' policies. Davis, though called upon by England to pay, made no payment whatsoever, so England cancelled the renewals and, incorrectly, instituted this "Suit on a Note," seeking reimbursement for the amount of premiums earned during the period when coverage was in effect prior to cancellation of the policies for non-payment.
Although the holder of an instrument payable to his order may transfer it for value without endorsing the instrument (See: LSA-R.S. 7:49 and, similarly, LSA-R.S. 10:3-201), mere possession of the un-endorsed instrument is not prima facie evidence of ownership. Thus, if the face of the instrument indicates title is in any person other than the possessor, the burden *698 is upon the possessor to prove his ownership. He must prove a valid transfer or lose his right to sue on the instrument. See Richmond v. Bode, 216 So.2d 348 (La.App.4th Cir., 1968). Since no valid transfer was alleged or proven, Davis' contentions are technically correct.
However, a review of the record leads to the inescapable conclusion that the insurance coverage was, in fact, renewed by England on behalf of Davis at Davis' request. The premiums, up to the date of concellation for non-payment, were, in fact, earned by the insurance companies and paid for in Davis' behalf by England. We have no doubt that Davis could have insisted upon payment under the coverage afforded by the policies had a claim arisen prior to the cancellation for non-payment.[1]
Consequently, even though we must reject England's theory of recovery, the undisputed facts warrant an open account judgment in England's favor since the record clearly supports a finding that the amount sued for is due. Our mandate is to "render any judgment which is just, legal and proper upon the record on appeal." See: LSA-C.C.P. Article 2164.[2] As noted in the comments following same, "The purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued or passed on by the court below."
Since recovery must be based upon the proof of an open account balance being due and owing, that portion of the trial court judgment awarding 8% interest and 20% attorneys' fees provided for in the note must be rejected. Only interest at the legal rate may be recovered. LSA-C.C. Article 2924.
Accordingly, the judgment of the trial court is amended as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of N. E. England Associates, Inc. and against Augustus Davis and D & G Maintenance Corporation in the full sum of $531.98, plus legal interest from the date of judicial demand, and all costs.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon satisfaction of this judgment, the note executed by Augustus Davis, payable to the order of First Metropolitan Bank, be cancelled.
Thus amended, the judgment is affirmed. Each party shall bear his own costs of the appeal.
AMENDED AND AFFIRMED.
NOTES
[1] The coverage was in effect from December 21, 1974 until March 28, 1975.
[2] Also note LSA-C.C.P. Article 1154.