DOMENGEAUX, Judge.
In this proceeding plaintiff-lessor, Michael Wahlder, is attempting to evict defendant-lessee, Richard Osborne, from property owned by plaintiff in Alexandria, Louisiana.[1] From the trial court’s judgment refusing to cancel the lease and thereby evict defendant, plaintiff appeals. We affirm.
On May 22,1972, plaintiff granted a lease to defendant to operate a filling station which contained the following relevant provisions:
“Lessee shall pay as rent for the leased premises for each calender month during the term of this lease, in cash or by check to the order of ‘Mike Wahlder,’ and mail same to ‘Mike Wahlder, P. 0. Box 1787, Alexandria, Louisiana 71301.’
A. The sum of $50.00 on or before the 1st day of each month.
B. An additional sum equal to DM for each gallon in excess of 3333 gallons of gasoline and diesel oil sold on the premises during each month as shown by Lessee’s records, payable on or before the 15th day of the following calendar month.
C. An additional sum of 5% of the gross sales, cash and on credit, sold on the leased premises during each month as shown by Lessee’s records, excepting only gasoline and diesel oil, payable on or before the 15th day of the following calendar month.
In connection with the operation of the service station it is expressly stipulated that lessor will receive 5% of the gross sales, cash and on credit, of all tires, but minor accessories such as batteries, headlights, lubricating oil and greases, etc., are excluded.”
$ ‡ * sfc # *
“Lessee agrees to remain open and carry on business seven (7) days per week for at least fourteen (14) hours per day—
at least eight (8) of said 14 hours during daylight.”
“It is stipulated and agreed that should Lessee fail or neglect to remain open for continuous business as heretofore set out then and in that event Lessee shall pay Lessor $20 per day for each such day Lessee fails or neglects to remain open for continuous business in lieu of the additional percentage rental for such day. In addition thereto Lessor may cancel this lease at his option.”
The undisputed facts establish that during the summer of 1979 a Presidential proclamation requested service stations to close on Sundays because of a gasoline shortage. Also at this time and because of the shortage, gasoline was being rationed to defendant’s service station. Defendant admits that during this period he closed the leased service station on four or five Sundays in order to keep from depleting his gasoline supply before receiving his next month’s allotment. Defendant also allowed the station to close for a few hours on certain holidays, namely Christmas, New Years, and Thanksgiving. According to defendant, the station was partially closed on these holidays to allow his employees to have dinner with their families. Defendant did not pay plaintiff any penalty, as such, for the days that he was partially closed. Defendant testified that he sold all the gas he had available to sell during the energy shortage, and rationed the sale of his limited supply during the month. Cigarette and coke machines, the only other items sold at the station, were on the outside of the building and available to individuals, whether the gas pumps were open or not. Also located on the leased premises was a car wash which was not operative during closed hours.
Plaintiff brings this suit for eviction on the grounds that defendant did not pay a $20.00 per day penalty for each day that the *73 leased premises were not open fourteen consecutive hours as called for in the lease agreement.
The issues presented on appeal are:
(1) Whether or not defendant’s actions entitle plaintiff to dissolution of the lease? and
(2) Whether or not the defendant is entitled to recover $20.00 per day for the days that defendant’s station was closed or partially closed?
Cancellation of leases is not favored in Louisiana, Atkinson v. Richeson, 393 So.2d 801 (La.App. 2nd Cir. 1981); Tullier v. Tanson Enterprises, Inc., 359 So.2d 654 (La.App. 1st Cir. 1978), so a lease will be dissolved only when it has been shown that the lessor is undoubtedly entitled to such cancellation. Atkinson, supra; Arbo v. Jan-kowski, 39 So.2d 458 (La.App.Orl.Cir.1949).
In this suit plaintiff’s only grounds for eviction is defendant’s failure to pay the stipulated $20.00 penalty. Defendant admits that he did not open or did not remain open for the stipulated time period on certain days. Defendant also admits that he did not pay the penalty, as such, for any day in question. The trial court took judicial notice of the fact that in 1978 and 1979 there was a gasoline shortage. La.R.S. 15:422(6).[2] The district court also judicially recognized the reduced allocations of gasoline to retail dealers, and the Presidential proclamation concerning Sunday closing of service stations.
La.C.C. Article 2120 establishes exceptions to enforcement of penalty provisions. It reads as follows:
“The penalty being stipulated merely to enforce the performance of the principal obligation, it is not incurred, although the principal obligation be not performed, if there be a lawful excuse for its non-performance, such as inevitable accident, or irresistible force.”
In Niblett Farms, Inc. v. Markley-Bank-head, et al., 202 La. 982, 13 So.2d 287 (1943) our Supreme Court made the following observations concerning La.C.C. Art. 2120, to-wit:
“In the case of Williams v. Hunter, 13 La.Ann. 476, the court, in commenting on this article, said that ‘inevitable accident’ and ‘irresistible force’ are not the only excuses for the nonperformance of the principal obligation, but are merely illustrations of what may be deemed a lawful excuse. The court said that the impossibility for defendant to execute an agreement was an excuse, ‘such as ‘inevitable accident or irresistible force,’ inasmuch as this impossibility did not originate from her fault or fraud.’ ”
There is little authority on what constitutes “lawful cause” for failing to comply with a lease obligation, and although we do not feel that the aforesaid occurrences made it impossible (as defined in Niblett Farms, Inc., supra) for defendant to open his station on Sunday during the gasoline crunch, we nevertheless feel that they represented a legal excuse for defendant to close. Defendant testified and the trial court took cognizance of the fact that the gasoline allocations at that time were so low that rationing had to be utilized in order to avoid selling out before the next month’s allocation arrived. Defendant decided not to sell gas on Sunday (a) in compliance with the President’s proclamation and, (b) simply because he did not want to deplete his very limited supply. As such we think defendant had a legal excuse under La.C.C. Article 2120, supra, to close on the four or five Sundays during this period.
Additionally, the record reflects that even though defendant closed his station on the Sundays in question, the vending machines would remain accessible to the public. The penalty clause in the lease agreement states *74 that any penalty was due “in lieu of the additional percentage rental for such day.” As we read this proviso, if plaintiff received $20.00 in percentage rentals from these vending machines for the days that defendant was either closed or partially closed, he was due nothing more whether or not a specific and special penalty payment was made. The burden rests upon plaintiff to prove by a preponderance of the evidence that he was due a penalty. The trial court found that plaintiff failed to prove he was owed a penalty inasmuch as he did not establish that his percentage rentals amounted to less than $20.00 per day for the days closed. We cannot say that the district judge was clearly wrong.
Although defendant’s decision to partially close on Thanksgiving, Christmas, and New Years is not legally excusable, we find that plaintiff is not entitled to cancellation of the lease based upon these grounds. As aforesaid, plaintiff failed to establish that the percentage rentals on gasoline and vending machine sales collected on these days did not at least equal any penalties allegedly due, and, as previously discussed, the $20.00 penalty is due only “in lieu of percentage rentals.” Having failed in his proof, we find that the trial court correctly held that plaintiff was not entitled to cancellation of the lease nor was he entitled to recover any penalty.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.
GUIDRY, J., concurs.

. Plaintiff had previously filed suit seeking to evict defendant predicated upon other grounds. In that case, No. 117,101 of the Ninth Judicial District Court, the trial judge refused to cancel the lease and we affirmed. See Wahlder v. Osborne, 410 So.2d 808 (La.App. 3rd Cir. 1982).

. La.R.S. 15:422(6) reads as follows:
“Judicial cognizance is taken of the following matters:
* * * * * *
(6) The laws of nature, the measure of time, the facts disclosed by the calendar, the facts of geography, the geographical and political divisions of the world, the facts of history and the political, social and racial conditions prevailing in this state;”