SAVOY, Judge.
Plaintiff was injured in an automobile accident when struck from the rear by a following motorist. He was awarded judgment against that motorist’s liability insurance carrier, Aetna Casualty and Surety Company, and has appealed as inadequate the award made by the lower court, which is the sole issue for decision herein.
The lower court’s award to plaintiff was $1,000.00 total for personal injury, medical expenses, automobile damage and loss of wages. No breakdown of that total was given for each category, so we know not what amount or figure the lower court assessed as general damages.
In its written reasons for judgment, the lower court stated:
“The court feels that the plaintiff did suffer some injury and pain from this accident. However, in good conscience, it feels that the injuries were minimal. It believes that this plaintiff has exaggerated his complaints to the point of perhaps misleading Dr. Dupre and his counsel. He, the plaintiff, seemed quite clever and smooth in presenting his testimony. The court feels that Dr. Dupre’s bill is quite high, considering the nature of the injuries and complaints.”
The trier of fact has much discretion in the award of general damages for personal injuries, and this discretion should not be disturbed upon appellate review in the absence of an abuse of that discretion. Miller v. Central Mutual Insurance Company, (La.App., 3 Cir., 1965), 174 So.2d 280, and cases cited therein. The appellate court should review all of the facts and circumstances on which the lower court based its award, but the review is confined to determining whether there has been an abuse of the “much discretion” vested in the trial court in assessing damages. After a review of all the facts and circumstances, if the appellate court feels that there has been an abuse of discretion, the amount of the award should be increased or decreased as the case warrants.
Reviewing the facts and circumstances of the instant case, the following are of particular interest.
*462 The collision between the two vehicles was apparently rather slight. It was stipulated that the cost of repairing plaintiff’s automobile was $39.24.
Immediately following the accident, plaintiff got out of his car to inspect the situation, walked around the scene with no apparent injury and stated to witnesses that he was unhurt.
Late that night, however, he reported to Dr. R. E. Dupre at Ville Platte, Louisiana, complaining of headaches and neck pain. The doctor treated him conservatively on medications, the plaintiff reporting to him each week.
At that time, and prior to the accident, which occurred on August 4, 1964, the plaintiff was employed by a construction company, Austin Building Company, as a manual laborer. His work record, as testified to by his foreman, James A. Orand, showed that he worked as usual and without complaint through August 17, 1964, when he and some of the other workers were laid off due to a cut-back in the work force. It should also be noted that he reported for work as usual on August S, 1964, the day following the accident and continued to work until laid off. His foreman described him as “very efficient” in his work.
Dr. Dupre placed him in the hospital from August 19, 1964 to August 25, 1964, and again from August 29th to September 5, 1964. He was placed in traction and given micro-wave treatments while in the hospital and wore a neck halter for several months. Conservative treatment and medications were still being administered as of June, 1965. At that time, when the doctor’s deposition was taken, he felt that plaintiff had improved greatly and would be fully recovered in sixty to' ninety days. The doctor, however, admitted that he was never able, even from the beginning, to demonstrate more than an occasional finding of muscle spasm to substantiate plaintiff’s subjective complaints, and that, in effect, he simply treated the complaints because plaintiff persisted in them.
Plaintiff was examined by Dr. T. E. Banks, an orthopedic surgeon, on February 5, 1965. This doctor could find no basis for plaintiff’s complaints. He also noted that plaintiff was uncooperative in the examination and performed certain bodily movements without apparent difficulty when his attention was diverted, but would claim he could not do them when asked to.
Plaintiff was also examined by * three other physicians, but they were not called to testify. That raises the presumption that the testimony of those doctors would have been unfavorable to plaintiff. Barbara v. Lumbermen’s Mutual Casualty Company, (La.App., 4 Cir., 1962), 137 So.2d 466; and Brown v. Yellow Cab Company of Shreveport, (La.App., 2 Cir., 1957), 94 So.2d 573.
Since the medical testimony is conflicting, we will turn to the lay testimony. Other than his own testimony, plaintiff presented that of his wife, who stated she had to give plaintiff sleeping pills frequently and rub his back with alcohol; that he sometimes walks with a limp; that he had not worked since the accident. We know, however, that he did work for a time after the accident; this from the testimony of Mr. Orand, his foreman, whose testimony, we feel, minimizes the testimony of plaintiff’s wife.
The evidence reflects that the stipulated damages to the car were $39.24. We ■ agree with the trial judge that the injuries received by plaintiff were minimal, and that plaintiff exaggerated his complaints. Considering all of the circumstances in the instant case, we feel the award of $1,000.00 is neither inadequate nor excessive.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.