199 So.2d 588 (1967)
Andrew L. BROOKS, Sr., Plaintiff-Appellant,
v.
J. K. FONDREN et al., Defendants-Appellees.
No. 2001.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1967.
*590 Bernard Kramer, Alexandria, Bernard Whetstone, El Dorado, Ark., for plaintiff-appellant.
Gold, Hall & Skye, by George B. Hall, Alexandria, Gist, Methvin & Trimble, by James T. Trimble, Jr., Alexandria, for defendants-appellees.
Before SAVOY, HOOD and CULPEPPER, JJ.
SAVOY, Judge.
This matter is on appeal by plaintiff from a judgment rendered against him in the district court wherein the trial judge maintained an exception of no cause and no right of action against plaintiff as to one of the defendants, namely, J. K. Fondren.
On May 2, 1965, a collision occurred in the Parish of Rapides between a car driven by plaintiff and allegedly owned by his wife, and one driven by defendant, J. K. Fondren. Fondren admitted he was the cause of the accident, having failed to stop his car at a Stop sign. Shortly after the accident Fondren and plaintiff went to a nearby garage, and the mechanic there made an estimate of the damages to plaintiff's vehicle at $140.00. Plaintiff agreed to accept this amount for damages to his car. Defendant wrote a check made payable to plaintiff in the sum of $140.00. Plaintiff endorsed the check, and in due course it was paid. The evidence reflects that during the time immediately following the accident and up to the time plaintiff and defendant left each other on the occasion of the collision, plaintiff stated that he had not been injured in the accident.
On June 14, 1965, plaintiff instituted the present suit against Fondren and MFA Mutual Insurance Company, insurer of the Brooks vehicle, for personal injuries resulting from the accident.
MFA filed a declinatory exception to the citation and jurisdiction personae alleging that the insurance policy was issued to plaintiff's wife in Arkansas; that it is a foreign corporation doing business in Missouri and is not qualified to do business in Louisiana; and, accordingly, the direct action statute does not apply. The exception was argued and submitted on briefs. The record does not show that it was ever disposed of by the trial judge.
Plaintiff filed a first amending and supplemental petition alleging that plaintiff was domiciled in the State of Arkansas at the time of the accident, but was a member of the Military of the United States of America, and was stationed at England Air Force Base in Alexandria, Louisiana; that since he was operating the vehicle in Louisiana at the time of the accident with the consent of the owner, he appointed the Secretary of State of the State of Louisiana as the lawful agent for service of process on MFA Mutual Insurance Company.
Defendant Fondren filed his answer denying any personal injury to plaintiff.
Plaintiff filed a second amending and supplemental petition on November 8, 1965, alleging for the first time that he was suffering from traumatic neurosis, conversion hysteria, and other functional disorders.
The case was fixed for trial on November 9, 1965, and was tried on that date.
Prior to the commencement of the trial, counsel for defendant Fondren objected to the second amending petition for the reason that the injection of traumatic neurosis into the case materially altered the issues involved. The district judge recalled his order allowing the second amending petition. The case then went to trial against defendant Fondren. Near the close of the trial and after plaintiff had testified as *591 stated above about the payment of property damages to him by defendant, defendant filed a peremptory exception of no cause and no right of action. The basis of the exception being that since plaintiff had accepted $140.00 in full settlement of property damages, a cause of action could not be divided, and the settlement of the property damages constituted a full and final settlement of all claims for personal injuries. The exception was argued at a later date, and the judge maintained the exception, dismissing plaintiff's suit.
In this Court counsel for plaintiff states that the trial judge committed two errors, (1) in sustaining an oral release; and (2) in refusing to allow plaintiff to file his amended petition. As to the first assignment of error plaintiff contends that the compromise between the parties has to be reduced to writing, citing as his authority LSA-C.C. Article 3071.
Counsel for defendant contends that the compromise between the parties is valid. He also maintains that since plaintiff accepted the sum of $140.00 in full satisfaction of his property damages he is barred from suing for personal injuries resulting from the same accident for the reason that Louisiana courts hold that a plaintiff cannot split his claims for personal injuries and property damages arising from the same accident. Defendant has cited as his authority for the above contentions the cases of Thompson v. Kivett & Reel (La. App., 1 Cir., 1946), 25 So.2d 124; and Fortenberry v. Clay (La.App., 1 Cir., 1953), 68 So.2d 133. We also find that the United States Fifth Circuit Court of Appeals has approved the Louisiana cases cited above in McConnell v. Travelers Indemnity Company, 346 F.2d 219 (5 Cir., 1965).
A compromise agreement is an affirmative defense which must be pleaded in defendant's answer, LSA-C.C.P. Article 1005. Several cases under our new Code of Civil Procedure have held that compromise is an affirmative defense which must be specially pleaded in the answer, and that the facts of a compromise cannot be proved over plaintiff's objection during the trial. Hyatt v. Hartford Accident & Indemnity Company (La.App., 3 Cir., 1966), 184 So.2d 563; Mochitta v. Lemak (La. App., 1 Cir., 1964), 165 So.2d 568; and Bowden v. State Farm Mutual Automobile Ins. Co. (La.App., 3 Cir., 1963), 150 So.2d 655.
In the instant case counsel for defendant did not plead the compromise agreement and did not mention it until the end of the trial. While plaintiff was under cross-examination, attorney for defendant asked plaintiff questions about the check. Counsel for plaintiff objected on the ground that no claim for property damage had been made, not knowing at the time that a release of personal injuries was going to be urged. The court overruled the objection. Later, during cross-examination, counsel for defendant questioned plaintiff about the conversations at the time the check was passed, and actually offered the check into evidence. Plaintiff's counsel objected on the ground that any compromise agreement was outside the pleadings. The trial judge overruled this objection.
We are of the opinion that the trial judge was in error in overruling the objection by plaintiff. No evidence as to the compromise agreement or the check should have been admitted.
At the very end of the trial defense counsel filed an exception of no cause of action on the ground that the evidence showed there had been a compromise. The court allowed the exception to be filed over plaintiff's objection. We, likewise, think the trial judge was in error in allowing the filing of the exception of no cause of action, and in maintaining same.
The other error complained of by counsel for plaintiff is the order recalling the filing of the supplemental petition by plaintiff wherein he alleged that he was suffering from traumatic neurosis, conversion hysteria, and other functional disorders. *592 Counsel for plaintiff argues that the amending petition should have been allowed, and cites as his authority LSA-C.C.P. Article 1154, which reads as follows:
"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence."
LSA-C.C.P. Article 1151 provides, in part, that after an answer is filed in a suit plaintiff may amend his petition only by leave of court or by written consent of the adverse party.
Counsel for defendant argues that the district judge properly recalled his order allowing the amended petition because the amended petition changed the original petition so as to allege an entirely new and different type of injury described as traumatic neurosis, conversion hysteria, and other functional disorders.
The general rule as to allowing amendments after an answer is filed is that the trial judge has much discretion in such matters, and that his ruling will not be disturbed unless there has been an abuse of the discretion vested in him.
The record reveals that plaintiff was examined by a psychiatrist on September 10, 1966. The amended petition was filed on the afternoon of November 8, 1967, and the case was fixed for trial and trial commenced on the morning of November 9, 1967.
In Wallace v. Hanover Insurance Company of New York, (La.App., 1 Cir., 1964), 164 So.2d 111, the court went into detail in discussing amendments under the Louisiana Code of Civil Procedure and also under the Federal Rules of Procedure. Many of the articles in the Louisiana Code of Civil Procedure are patterned after the Federal Rules of Procedure.
The majority of the Federal decisions indicate that the supplemental pleading cannot be used to assert a new cause of action or defense. (Barron and Holtzoff, S 455, note 27.)
In the Wallace case, supra, the court stated:
"It must also be said that prior to the time for the trial, it must be an uncommon case to justify denial of a motion to amend and for that reason such motions are not contradictory, reserving to any party aggrieved the right to have the amendment stricken."
In the instant case, after the trial judge recalled the amended petition, counsel for plaintiff did not ask for a continuance. Under the circumstances of this case, we are of the opinion that the trial judge did not abuse his discretion in refusing to allow the amendment. Counsel for plaintiff had two months prior to the trial to amend his petition. To amend on the day before the trial was not reasonable, particularly in view of the fact that it altered the substance of the law suit. If any plaintiff were allowed to amend shortly prior to trial, the orderly trial of cases would be disrupted, for in each instance where an amendment changed the substance of the suit, if the judge allowed the amendment, he would have to set aside the trial date in *593 order to give the defendant an opportunity to prepare a defense to the amended petition.
Counsel for defendant, in argument before this Court, stated that if we reverse the trial court judgment, we should remand the case because defendant's liability insurer filed an exception to the jurisdiction over the person which has never been decided. This argument has no merit. Plaintiff had a right to set the case for trial against the motorist, and the insurer was not a necessary party, and there is no reason for a remand.
The last matter for consideration is that of quantum.
Plaintiff was injured in the accident involved herein on May 2, 1965, and was also injured in a second accident which occurred on September 10, 1966.
Plaintiff consulted Dr. Tom J. Meek, a general practitioner from Camden, Arkansas, on May 6, 1965. Dr. Meek examined plaintiff on that date and found muscle spasm in the posterior neck. He also found muscle spasm over the lower spine, or lumbar spine, along with tenderness in this area. He treated plaintiff with muscle relaxants and advised him to rest in bed at his home and to apply heat to the neck and lower back. Plaintiff did not respond to treatment and was placed in the hospital at Camden from May 14th through June 8, 1965. He was treated with heat, neck traction, muscle relaxants, bed rest and sedatives. He was fitted with a cervical collar. He improved somewhat during this time and was not free of pain until his discharge from the hospital on June 8, 1965. On cross-examination, the doctor testified that X-ray findings were negative, and that plaintiff wore his collar for approximately six months. Plaintiff still complained of pain and was re-admitted to the hospital on October 18, 1965, and remained there until October 23, 1965.
Dr. Meek referred plaintiff to Dr. Ernest Hartman, an orthopedic surgeon in El Dorado, Arkansas, on May 25, 1965, June 7, 1965, and July 19, 1965.
Plaintiff was also referred to Dr. John Christian, an orthopedic surgeon of Little Rock, Arkansas, and was examined by him on August 27, 1965.
Although Dr. Meek's testimony was taken by deposition, that of Drs. Hartman and Christian was not, nor were their reports introduced in evidence. This raises a presumption that the testimony of those doctors would have been unfavorable to plaintiff. Barbara v. Lumbermen's Mutual Casualty Company (La.App., 4 Cir., 1962), 137 So.2d 466; and Brown v. Yellow Cab Company of Shreveport (La.App., 2 Cir., 1957), 94 So.2d 573. See also Thomas v. Aetna Casualty and Surety Company (La. App., 3 Cir., 1967), 198 So.2d 460, decided by this Court April 26, 1967.
From the testimony of Dr. Meek we conclude that plaintiff suffered a mild to moderate strain to the low back and neck, and that an award of $2,500.00 would be adequate for the injuries and resulting pain suffered by him in the instant case. We agree with counsel for defendant that the special damages which should be allowed to plaintiff are those resulting from this accident, namely, $198.00 for services rendered by Dr. Meek, and $569.20 for hospitalization, or a total of $767.20.
For the reasons assigned the judgment of the district court is reversed and set aside, and judgment is hereby rendered in favor of plaintiff, Andrew L. Brooks, Sr., and against defendant, J. K. Fondren, in the sum of $3,267.00, with legal interest at the rate of 5% per annum from date of judicial demand until paid, and for all costs in this Court and in the district court.
Reversed and rendered.