HEARD, Judge.
This is a tort action by Mrs. Claudette Bailey Norris against Mrs. Jodie C. Ash-worth and her husband Don Ashworth, and their liability insurer, Government Employees Insurance Company, and St. Paul Insurance Company, the liability insurer of Ernest A. Norris, husband of plaintiff. Judgment was rendered in favor of plaintiff for the sum of $500 against Mrs. Jodie C. Ashworth, Don Ashworth and Government Employees Insurance Company, in solido. From this judgment plaintiff perfected a devolutive appeal, asserting that she is entitled to a greater amount. Defendants answered the appeal, asserting that the judgment should be modified to reject the claims of plaintiff or be affirmed and appellant be condemned to pay all costs.
This suit arose out of an automobile collision on January 26, 1971 at approximately 6:47 P.M. at the intersection of Fairfield Avenue and Kings Highway in Shreveport, Caddo Parish, Louisiana. Ernest A. Norris was driving a 1970 Mercury four door automobile in an easterly direction on St. Vincent Street. His wife was riding with him on the front seat. Mrs. Jodie Ash-worth was proceeding north on Fairfield in a 1967 Ford tudor automobile. Traffic in the intersection is controlled by a traffic light and as Norris proceeded towards the intersection the light was green. In front of him was a pick-up or panel truck moving slowly preparing to make a left turn. Before Norris could completely traverse the intersection the light changed and Mrs. Ashworth came on into the intersection on a green.light for her at that time, striking the Norris vehicle in the right rear near the tail light section. Mrs. Ashworth stated that as she approached the intersection the light was red for her so she waited until the light turned green, and as it turned green, she proceeded into the intersection. The first thing that she saw was a red flash and knew it was a car. She then stepped on her brakes but the front portion of her car struck the rear of the Norris vehicle.
The trial judge found Mrs. Ash-worth’s actions constituted negligence, and we agree. Having entered the intersection on a green light, Norris had the right to complete his crossing of the intersection even though the light had changed.
The trial court awarded Mrs. Norris $500 for injuries she received in the accident. The evidence established that Mrs. Norris, prior to this accident, had suffered with chronic back trouble and pain in the left lower extremity. Dr. Deraid G. Kel-lett’s report introduced into evidence stated that he treated Mrs. Norris for this condition on May 2, 1968; Dr. Kellett’s report dated March 18, 1969 stated that he was continuing to treat Mrs. Norris for this condition.
In a prior suit for food poisoning filed in evidence Mrs. Norris alleged that she was at that time suffering from a back condition that was aggravated by the food poisoning. Upon examination Mrs. Norris testified that she had never experienced any pain in her legs prior to this accident.
Witnesses at the scene of the accident testified that after the accident Mrs. Norris got out of her car, walked around, and stated to witnesses that she had received no injuries as a result of the accident.
Dr. Jason Sanders testified that he saw Mrs. Norris for the first time on March 25, 1971 and at that time she was complaining of back strain. He stated that an examination showed that she had a lumbo-sacral strain, probably due to trauma. Mrs. Norris was examined by Dr. Edwin Simonton on June 17, 1971, and after examination gave a diagnosis of a lumbo-sacral strain aggravated by pre-existing postural problems due to a short left lower extremity which measured -Ms inch shorter than the right lower extremity from the anterior superior iliac spine to the medial malleolus.
*637 Because of the many inconsistencies in Mrs. Norris’ testimony with respect to her injuries and injuries in prior accidents, it is difficult to separate the injuries sustained in the present accident from those sustained in prior accidents, and we hold that she has failed to prove any serious injuries as a result of this accident.
The burden of proof is on plaintiff to prove the extent of her injuries by a preponderance of the evidence. The trial court has much discretion in assessing damages in personal injury cases. LSA-C.C. Article 1934(3). This court will not disturb the trial judge’s award unless an abuse of discretion is shown. Swillie v. General Motors Corporation, La.App., 133 So.2d 813 (3d Cir. 1961) cert. denied 1961; Thomas v. Aetna Casualty and Surety Company, La.App., 198 So.2d 460 (3d Cir. 1967).
We find from the evidence that there has been no abuse of discretion by the trial court.
For the foregoing reasons the judgment of the trial court is affirmed. Costs on appeal are to be paid by appellant.