292 So.2d 804 (1974)
Hutton H. GLEASON
v.
William T. BARRILLEAUX, III.
No. 9749.
Court of Appeal of Louisiana, First Circuit.
March 18, 1974.
*805 Lawrence R. Dodd, Baton Rouge, for appellant.
Fred H. Belcher, Jr., Baton Rouge, for appellee.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ.
de la HOUSSAYE, Judge.
This is a suit on a promissory note. From an adverse judgment, defendant-appellant Barrilleaux appealed suspensively.
Plaintiff, Hutton H. Gleaton, sued the defendant, William T. Barrilleaux, III, for recovery of payment made by plaintiff on a promissory note co-signed by both plaintiff and defendant on September 19, 1972, in the amount of One Thousand One Hundred Ninety-One and 60/100 ($1,191.60) Dollars payable to the order of the Citizens Bank and Trust Company at its office in the City of Plaquemine, Louisiana, alleging that he had received no consideration for signing the note, and was therefore an accommodation maker of the note. Plaintiff sued for the face value of the note together with interest and attorney fees as provided in the note.
It is defendant's contention however that plaintiff received consideration for this loan. It was asserted that plaintiff's son owned stock in a corporation of which defendant was president and that without defendant's services the corporation would fail. Defendant asserts that plaintiff induced him to return to work and that this was sufficient consideration to negate plaintiff's claim as an accommodation maker. Defendant argues that he and plaintiff were co-debtors in solido, and as such, plaintiff can only recover by contribution his virile share. Defendant further asserts that plaintiff's cause of action has to be based on an implied contract of reimbursement rather than the note itself.
The note in question, which is in evidence, reflects that it was payable in twenty-four monthly installments, beginning November 1, 1972. An examination of said note reflects that it bears no endorsement whatever, nor is it marked cancelled or paid.
The trial Judge found that plaintiff was an accommodation maker and as such had the right to sue on the note itself, including all of the terms contained therein. The principal amount awarded was restricted however, to the amount actually paid which was One Thousand Thirty-Three and 33/100 ($1,033.33) Dollars, plus interest of Eight (8) percent from September 19, 1972, together with attorney fees of Twenty-Five (25) percent of the principal and interest.
An accommodation maker is one who signs an instrument without receiving value therefor. The reason for his signing the instrument is to lend his name to some other person. LSA-R.S. 7:29. In order for a party not to be an accommodation party, he must be paid or rewarded in some manner for the particular and specific act of signing the instrument. Walker v. Delahoussaye, 116 So.2d 884 (La.App., 1st Cir.), 1959; Gaspard v. Lachney, 92 So.2d 277 (La.App., 2nd Cir.), 1957.
Based on the evidence presented during the trial of this matter, this Court has no difficulty in finding as did the trial Judge that plaintiff was in fact an accommodation maker only. Plaintiff received no benefit by co-signing the note. Defendant deposited the borrowed funds into his own checking account and disbursed these same funds for his personal use only. The *806 fact that defendant may have been able to return to work for a corporation in which plaintiff's son owned some stock is not persuasive enough to enable this Court to find that plaintiff received any benefit at all by co-signing a note for defendant.
Defendant further argues that plaintiff's suit on the note does not constitute a proper cause of action because the note was extinguished upon payment. We feel that a just decision can be reached by turning directly to our Negotiable Instrument Law, Section 49, LSA R.S. 7:49, which reads as follows:
"Where the holder of an instrument payable to his order transfers it for value without endorsing it, the transfer vests in the transferee such title as the transferer had therein, and the transferee acquires, in addition, the right to have the endorsement of the transferer. But for the purposes of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the endorsement is actually made."
When plaintiff in the instant case paid the Citizens Bank and Trust Company of Plaquemine the full amount owing on the note the bank transferred the note to plaintiff for value without canceling or endorsing it. As a result, plaintiff acquired such title as the bank had in the note. We interpret this to mean that plaintiff properly based his suit on the note and has the right to sue defendant on the terms stipulated therein. Preferred Investment Corporation v. Denson, 251 So.2d 455 (La.App., 1st Cir.), 1971; Delta Loan Company v. Riley, 199 So. 671 (La.App.Orl., 1941).
The trial Judge properly disallowed plaintiff's claim for the face value of the note since a lesser amount was actually paid. Cook v. Crow, 194 So. 455 (La.App. 2nd Cir.), 1939.
For the reasons assigned, the judgment of the trial Court is affirmed at appellant's cost.