422 So.2d 1327 (1982)
Ramson K. VIDRINE, Plaintiff-Appellant,
v.
Sylvan CARMOUCHE and Jennie Tassin Carmouche, Defendants-Appellees-Appellants.
No. 82-243.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
Rehearing Denied December 28, 1982.
*1328 J. Jake Fontenot, of Rozas, Manuel, Fontenot & McGee, Mamou, for plaintiff-appellant.
Chris J. Roy, Alexandria, for defendants-appellees-appellants.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
DOMENGEAUX, Judge.
Plaintiff, Dr. Ramson K. Vidrine, commenced this suit seeking contribution allegedly owed to him by defendants, Sylvan and Jennie Carmouche, resulting from plaintiff's payment of a promissory (hand) note executed by him and defendant Sylvan Carmouche. Additionally, Doctor Vidrine seeks recognition of a collateral mortgage given by the parties herein securing a collateral mortgage note executed by Doctor Vidrine and Sylvan Carmouche and pledged to secure the aforesaid promissory note. From a judgment of the district court casting defendants in judgment in solido for contribution[1] and denying recognition of the pledge and collateral mortgage, both parties have appealed. We affirm in part and reverse in part.
This action arises from an apartment building venture between Doctor Vidrine and Sylvan Carmouche. Each was the owner of an undivided one-half interest of the venture's assets and they shared the liabilities and losses by the same ratio. To secure financing of the aforesaid project, Doctor *1329 Vidrine and Sylvan Carmouche, together, executed a hand note on September 22, 1979, in the amount of $37,287.55. The hand note was secured by the pledge of a collateral mortgage note executed by Doctor Vidrine and Mr. Carmouche in the amount of $38,000.00, and was originally pledged to Union Bank as security for the hand note. The mortgage securing said note was executed by Doctor Vidrine and both Mr. and Mrs. Carmouche.[2]
The parties contemplated repaying the note from the rental income derived from the apartment building, however, the venture became unsuccessful and after failing to make the necessary payments thereon, the hand note was referred by Union Bank to its attorney for collection. Formal demand was made upon Doctor Vidrine for payment of the entire outstanding amount. In an effort to avoid the impending lawsuit Doctor Vidrine contacted his local bank, Evangeline Bank and Trust Company of Ville Platte, and made arrangements with them to purchase the note. On January 15, 1981, a representative of Evangeline Bank went to the Union Bank and purchased the hand note from Union Bank and received a written assignment of the note and accessory collateral mortgage. Thereafter plaintiff secured funds from the Evangeline Bank and used those secured funds to pay Evangeline both his portion of the hand note and that of Sylvan Carmouche, whereupon Evangeline transferred possession of the hand note and collateral mortgage note to plaintiff. This action followed.
On appeal defendants contend that the trial court erred in:
(1) overruling defendants' peremptory exception of no right of action;
(2) rendering judgment against Jennie Carmouche inasmuch as she was not a party to either the promissory note or collateral mortgage note sued upon herein;
(3) refusing to allow defendants to file an amended answer and reconventional demand; and
(4) failing to grant defendants judgment on the pleadings.
Conversely, plaintiff contends that the district court erred in:
(1) failing to recognize that the pledge of the collateral mortgage note and the accompanying collateral mortgage secured the indebtedness of Sylvan Carmouche and that Doctor Vidrine was vested with the same rights arising from the pledged security as his transferor, Evangeline Bank, upon payment of the note it secured; and
(2) allowing defendants to set off $2,000.00 allegedly paid by them on the sued upon note.
Defendants contend on appeal that the trial court erred in failing to sustain their exception of no right of action. Their claim stems from their allegations that there was no formal assignment from the Evangeline Bank to Doctor Vidrine.
Under the commercial laws of La. R.S. 10:3-101 et seq., the holder of an instrument payable to his order may transfer it for value without endorsing the instrument (see La.R.S. 10:3-201 cited below). N.E. England Associates, Inc. v. Davis, 333 So.2d 696 (La.App. 4th Cir.1976). However, if the face of the instrument indicates title is in any person other than the possessor, the burden is upon the possessor to prove his ownership. He must prove a valid transfer or lose his right to sue on the instrument. Richmond v. Bode, 216 So.2d 348 (La.App. 4th Cir.1968); N.E. England, supra.
A review of the record convinces us that there was a valid transfer. At trial testimony was solicited from the vice-president and loan officer of Evangeline Bank, Jimmy Vidrine. Mr. Vidrine testified that subsequent to being assigned the hand note from Union Bank, Evangeline Bank sold the note to Doctor Vidrine for the total amount owing thereon. The payment of the indebtedness and the surrender of the instrument to plaintiff constitutes a valid *1330 transfer even lacking Evangeline Bank's endorsement. We agree with the trial judge that plaintiff sustained his burden of proof of ownership of the sued upon note, and therefore the court below properly denied defendants' exception of no right of action.
Finding a valid transfer, plaintiff avers that the trial court erred in failing to recognize the collateral mortgage securing the debt. We agree.
La.R.S. 10:3-603 establishes one's right arising out of payment or satisfaction of an instrument. It reads in pertinent part as follows:
"(1) The liability of any party is discharged to the extent of his payment or satisfaction to the holder, ...." (Emphasis added).
* * * * * *

"(2) Payment or satisfaction may be made with the consent of the holder by any person including a stranger to the instrument. Surrender of the instrument to such a person gives him the rights of a transferee." (Emphasis added).
In conjunction therewith, La.R.S. 10:3-201 recognizes that the transferee has the same rights as his transferor. It states in part:
"(1) Transfer of an instrument vests in the transferee such rights as the transferor has therein, except that a transferee who has himself been a party to any fraud or illegality affecting the instrument or who as a prior holder had notice of a defense or claim against it cannot improve his position by taking from a later holder in due course.
(2) A transfer of an interest created in an instrument by way of security vests the foregoing rights in the transferee to the extent of the interest transferred."
By payment of the note Doctor Vidrine was discharged to the extent of his payment, and upon surrender of the instrument to him, he acquired the rights of a transferee and was entitled to proceed against defendant Sylvan Carmouche for that amount paid on said defendant's behalf. Evangeline Bank, plaintiff's transferor, as assignee of the promissory note from Union Bank, received the hand note secured by the collateral mortgage note and accompanying collateral mortgage. By transferring the note to plaintiff, Evangeline Bank's rights to rely on the given security vests with plaintiff to the extent that defendant Sylvan Carmouche remained liable on the note to plaintiff as aforementioned. Therefore, we find that the trial court erred in failing to recognize plaintiff's right to the security of the collateral mortgage.
Since defendant Jennie Carmouche neither signed the hand note or the collateral mortgage note she cannot be held solidarily liable with her husband thereon. However, as previously discussed, plaintiff is entitled to recognition of the mortgage given to secure the collateral mortgage note which was subsequently pledged to secure the hand note. Accordingly, we reverse that portion of the judgment below which casts Jennie Carmouche in judgment.
Defendants next contend that the trial court erred in refusing to allow them to file a reconventional demand and/or amended answer.[3] Defendants' request came at the start of the trial approximately ten months after defendants had filed their answer.
Under La.C.C.P. Article 1033[4] an incidental demand may be filed with leave of court *1331 only, once an answer has been filed, and only if it will not retard the progress of the principal action. The facts as presented by the record show that the trial had been postponed three times prior to defendants' attempt to file their reconventional demand at the beginning of the trial. The proposed reconventional demand came some six months after the completion of discovery, and as aforesaid, some ten months after defendants had filed their answer to plaintiff's petition. We do not feel that under these circumstances the trial judge abused his discretion in refusing to allow defendants' reconventional demand.
Likewise, under La.C.C.P. Article 1151[5] and the jurisprudence,[6] when there is no written consent by the adverse party, it is within the sound discretion of the trial court to permit or refuse to permit an amendment to the petition or answer after answer has been filed. Here, we do not find that the trial court abused its discretion for refusing to permit the requested amendment to the answer.
Notwithstanding the fact that the trial judge refused to let defendants amend their answer to plead an affirmative defense, the trial judge did allow defendants to introduce evidence, over plaintiff's objection, relative to payments made on the note by them. Furthermore, defendants were allowed a set off for one-half of the amount previously paid by them. Plaintiff avers that in so doing the trial judge erred. We disagree.
La.C.C.P. Article 1154 provides:
"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence." (Emphasis added by Court of Appeal).
It is well settled that the trial judge has great discretion in deciding whether or not to allow evidence objected to on the grounds that it is not within issues raised by the pleadings. Mouledous v. Poirier, 221 So.2d 291 (La.App. 4th Cir.1969); Brooks v. Fondren, 199 So.2d 588 (La.App. 3rd Cir. 1967); Wallace v. Hanover Insurance Company of New York, 164 So.2d 111 (La.App. 1st Cir.1964), writ refused, 246 La. 598, 165 So.2d 486 (1964).
Inasmuch as the evidence introduced reflects payments on the note by Sylvan Carmouche, *1332 and considering that plaintiff failed to show that he was prejudiced in maintaining his action on the merits by the introduction of such evidence, we find no abuse of discretion.
Lastly, defendants contend that the trial court erred in refusing to grant them judgment on the pleadings. Our perusal of the pleadings in a view most favorable to plaintiff convinces us that the trial court did not abuse its discretion in rejecting defendants' request.
For the above and foregoing reasons the judgment of the district court is reversed in part, affirmed in part, and recast as follows:
It is hereby Ordered, Adjudged, and Decreed that there be judgment herein in favor of plaintiff, Ramson K. Vidrine, and against defendant, Sylvan Carmouche, in the full sum of Seventeen Thousand, Three Hundred and Twenty-one and 68/100 ($17,321.68) Dollars, together with legal interest thereon from date of judicial demand until paid.
It is further Ordered, Adjudged, and Decreed that there be judgment herein in favor of plaintiff, Ramson K. Vidrine, and against the defendants, Sylvan Carmouche and Jennie Carmouche, recognizing plaintiff's lien in the amount of the judgment granted him herein, under that certain collateral mortgage from Ramson K. Vidrine, Sylvan Carmouche, and Jennie Carmouche to the Union Bank dated September 22, 1976, and recorded on that same date, bearing entry number 279844 in Mortgage Book 310 of the records of Avoyelles Parish against the following described property situated in the Parish of Avoyelles, State of Louisiana, to-wit:
"1. Two (2) certain lots or parcels of ground, together with all buildings and improvements thereon, situated, lying and being in the 6th Ward of the Parish of Avoyelles, Louisiana, and in the SE/4 of Section 24, T2N, R4E, the same being further and more particularly described and designated as Lots 26 and 27 of Block B, Bobby Bayou Estates, Inc., as per plat of survey thereof recorded in Plat Book 15, page 181, and being the same acquired by Ramson K. Vidrine and Sylvan Carmouche from Bobby Bayou Estates, Inc., on June 4,1976, deed recorded in Conveyance Book A-274, page 177, all of the records of Avoyelles Parish, Louisiana.
2. A certain lot or parcel of ground on the North side of Laurel Street in the Town of Marksville, Parish of Avoyelles, Louisiana, the same fronting 208 feet on said Laurel Street by a depth of 416 feet between parallel lines, and bounded North by property now or formerly belonging to Barton Hamilton, South by said Laurel Street, on the East by C.A. Riddle, Jr., Estate, now or formerly, and West by property of Naomi Tassin Briggs. Being the same acquired by Sylvan Carmouche from Naomi Tassin Briggs June 4, 1969, deed recorded in Conveyance Book A-234, page 719, records of Avoyelles Parish, Louisiana. LESS and to be deducted therefrom a lot in the southwest corner of the above fronting 108 feet by a depth of 150 feet between parallel lines as described in Mortgage Book 28, page 686, and a lot sold to Raymond Dauzat et ux on December 28,1970, deed recorded in Conveyance Book A-241, page 879, all of the records of Avoyelles Parish, Louisiana."
All costs at trial are assessed against defendant, Sylvan Carmouche. Costs on appeal are assessed one-half (½) against plaintiff and one-half (½) against defendant, Sylvan Carmouche.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.

ON APPLICATIONS FOR REHEARING
PER CURIAM.
In the judgment rendered by us herein, plaintiff, Ramson K. Vidrine, was awarded the sum of $17,321.68 against the defendant, Sylvan Carmouche. In the judgment we inadvertently granted the plaintiff legal interest on that amount from date of judicial demand until paid. Plaintiff's rights to interest and attorney fees are established under the collateral mortgage referred to in *1333 the judgment, and hence our reference to legal interest therein should be and is hereby deleted therefrom.
In all other respects the judgment rendered is to remain unchanged, and both applications for rehearings are hereby denied.
NOTES
[1] The trial judge awarded plaintiff judgment in the sum of $17,321.68 which represents one-half (½) of the amount paid by plaintiff on the outstanding indebtedness less $2,000.00 granted by the court as a set-off representing one-half (½) of the amount previously paid by Sylvan Carmouche on the note.
[2] The mortgage securing the pledged note was given on property owned by Doctor Vidrine and the Carmouches, upon which the apartments were to be built.
[3] Initially, defendants attempted to file a reconventional demand which was denied by the trial judge. Thereafter, defendants sought to amend their answer to raise an affirmative defense which in essence makes the same allegations as the denied reconventional demand. The trial judge likewise denied defendants' request to amend their answer.
[4] La.C.C.P. Article 1033 states as follows:

"An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092.
An incidental demand that requires leave of court to file shall be considered as filed as of the date it is presented to the clerk of court for filing if leave of court is thereafter granted."
[5] In pertinent part La.C.C.P. Article 1151 provides:

"A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.
A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001."
[6] Joseph A. Oster & Assoc., Inc. v. Car Wash Center and Owl, Inc., 330 So.2d 688 (La.App. 4th Cir.1976); Breaux v. Winnebago Industries, Inc., 282 So.2d 763 (La.App. 1st Cir.1973); Brooks v. Fondren, 199 So.2d 588 (La.App. 3rd Cir.1967).