482 So.2d 986 (1986)
Susette B. DARBY, Plaintiff-Appellee,
v.
Terry J. DOUCET, Sr., Defendant-Appellant.
No. 84-1014.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1986.
*987 Gauthier & Cedars, Chester R. Cedars, Breaux Bridge, for defendant-appellant.
McHugh & Guidry, George W. McHugh, Jr., St. Martinville, for plaintiff-appellee.
Before DOMENGEAUX, LABORDE and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether or not the trial court erred in: (1) denying defendant's exception of prescription on an action to recover money lent; (2) failing to find that this was an action for contribution as between co-debtors in solido; (3) allowing the introduction of evidence, over the objection of the defendant, resulting in an expansion of the pleadings; (4) refusing to allow defendant an offset of $1,045.50 for money he allegedly paid on behalf of plaintiff on plaintiff's separate obligation; and (5) failing to award plaintiff attorney's fees as provided for in the promissory note sued on.
Susette B. Darby (hereinafter plaintiff) brought suit against Terry J. Doucet, Sr. (hereinafter defendant) as the assignee of a promissory note made by defendant. After a hearing the trial court rendered judgment in favor of plaintiff and against the defendant in the sum of $8,044.18, together with judicial interest from the date of judicial demand, until paid, subject to a credit of $2,646.00, and for all costs of the proceedings but rejected plaintiff's demand for attorney's fees. A judgment was read and signed and defendant timely appealed. The plaintiff neither appealed nor answered the appeal.
We affirm.

FACTS
Defendant, Terry J. Doucet, borrowed money from St. Martin Bank & Trust Company of St. Martinville, Louisiana and gave his unsecured promissory note to evidence the debt. The defendant's original loan from the Bank was made for the purpose of paying off debts owed by defendant. The promissory note evidencing his indebtedness to the Bank became due. The Bank, however, refused to renew the defendant's promissory note without first obtaining some type of security for the loan. The Bank, agreed to renew the defendant's promissory note if plaintiff, Susette B. Darby, with whom the defendant was then living without benefit of marriage, would co-sign the note and pledge as security a $7,500.00 certificate of deposit standing in her name. On January 8, 1980, plaintiff accommodated the defendant and he signed a renewal promissory note (hereinafter the note) to the Bank and plaintiff signed the defendant's promissory note in the space designated for the signature of a co-maker.
At the time the note was executed the principal amount of money owed by the defendant to the Bank on his original note was $7,733.14. The renewal note signed by *988 both defendant and plaintiff and given to the Bank was for $11,380.32, the principal amount owed by the defendant on his original promissory note and the pre-computed interest on this principal amount. The terms of the renewal note provided for payment in 48 monthly installments in the amount of $237.09 each. The first installment was due on February 23, 1980.
No payment was ever made on this promissory note by the defendant and the Bank called upon plaintiff to pay off the note. On April 24, 1980, plaintiff paid off the note subject to a credit for unearned interest. The net payoff made by plaintiff was $8,044.18. The Bank assigned the note to plaintiff. Plaintiff attempted to collect on the note from defendant, but was unsuccessful. On September 6, 1983, plaintiff filed this suit against defendant on the note assigned to her by the Bank, seeking recovery of the full face value of the note, $11,380.32, plus interest thereon from maturity, until paid. A trial was held on June 26, 1984, and the trial court awarded plaintiff only $8,044.18, the amount she actually paid to the Bank to pay off the note, together with judicial interest from date of judicial demand, until paid, subject to a credit or offset in the amount of $2,646.00 representing money paid by defendant, from the proceeds of a workmen's compensation settlement, to plaintiff for credit on his obligation on the note. The trial court did not award attorney's fees as provided by the note but did tax the cost of the proceeding against defendant.
Defendant appeals devolutively alleging that the trial court erred in:
(1) denying defendant's exception of prescription on an action to recover money lent;
(2) failing to find that this was an action for contribution as between co-debtors in solido and thus awarding plaintiff recovery in excess of one-half of the sum actually paid by plaintiff;
(3) allowing the introduction of evidence resulting in the expansion of the pleadings over the objections of the defendant; and
(4) refusing to allow defendant an offset of $1,045.50 for money he paid on behalf of plaintiff on plaintiff's separate obligation.
Plaintiff has not appealed or answered the appeal to contest the trial court's failure to award her attorney's fees as provided in the note.

PRESCRIPTION
In his first assignment of error, defendant avers that the trial court erred in denying his exception of prescription. Defendant maintains that this is in reality a suit for recovery of money lent, for which the prescriptive period is three years, instead of a suit on a promissory note, for which there is a five year prescriptive period. See LSA-C.C. Articles 3494 and 3498. Defendant thus argues that since three years passed between the date on which plaintiff paid off the note, April 24, 1980, and the date plaintiff filed this suit, September 6, 1983, plaintiff's cause of action has prescribed. The trial court overruled defendant's exception, holding that this was a cause of action based on a promissory note for which a five year prescriptive period applied and that plaintiff's cause of action had not yet prescribed.
In his brief, defendant, contending that this is an action for money lent, quotes only a limited portion of plaintiff's testimony under cross-examination. Defendant maintains that plaintiff has admitted that she actually loaned money to defendant. However, careful review of the record reveals that plaintiff only loaned her name to defendant so that he could renew his original promissory note, rather than loaning the defendant any money, and that she never received any proceeds of the loan from the Bank. Plaintiff's suit, as assignee of the note, for collection of the note was a suit on an instrument that is subject to the five year prescriptive period provided in LSA-C.C. Art. 3498. We therefore find no merit to defendant's first assignment of error.

*989 DEFENDANT'S CLAIM THAT PLAINTIFF'S SUIT IS FOR CONTRIBUTION
In his second assignment of error, defendant avers that the trial court erred in failing to recognize that this was an action for contribution from a solidary obligor, thus allowing plaintiff to recover more than one-half of the sum actually paid by plaintiff to retire the debt owed in solido by both the plaintiff and defendant. Defendant contends that he and plaintiff were co-debtors on the note and were bound in solido, and, as such, under the codal provisions governing solidary obligations plaintiff was only a solidary obligor who has rendered the whole performance, and though subrogated to the right of the obligee, the Bank, could only claim from him no more than his virile portion of the debt, citing LSA-C.C. Article 2104 and Aiavolasiti v. Versailles Gardens Land Dev. Co., 371 So.2d 755 (La.1979). Thus, defendant contends that the most he could owe the plaintiff is $4,022.09, which is one-half (½) of the $8,044.18 she paid the Bank.
LSA-R.S. 10:1-103 provides that:
"Unless displaced by the particular provisions of this Title, the other laws of Louisiana shall apply."
The Louisiana laws of obligations in general would apply unless in this instance there is a particular provision in Title 10, Commercial Laws, which would apply.
LSA-R.S. 10:3-415 provides that:
"(1) An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it.
(2) When the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation.
(3) As against a holder in due course and without notice of the accommodation oral proof of the accommodation is not admissible to give the accommodation party the benefit of discharges dependent on his character as such. In other cases the accommodation character may be shown by oral proof.
(4) An indorsement which shows that it is not in the chain of title is notice of its accommodation character.
(5) An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party."
Thus, the Louisiana laws of obligation in general, and LSA-C.C. Art. 2104 in particular, do not apply as the particular provisions of LSA-R.S. 10:3-415 apply to the facts of this case.
In this case, the trial court found that notwithstanding the fact that plaintiff signed the note in the space provided for in the capacity as a co-maker, she was in fact only an accommodation party to the note. Since defendant was not a holder in due course, but instead a party to the instrument, oral proof of the accommodation character of plaintiff's signature was admissible. Evidence of the accommodation presented at trial was ample to support the trial court's finding of fact that plaintiff was only an accommodation party to the note. The original loan and renewal were used to pay off defendant's debts. Plaintiff co-signed the note for the sole benefit of defendant, who without plaintiff's assistance, would not have been able to renew his pre-existing loan. Plaintiff never received any of the proceeds of the loan, nor any benefits therefrom. In addition, defendant in essence acknowledged that he owed plaintiff for paying the note when he stated that he gave plaintiff his entire workmen's compensation settlement check as payment for credit on the debt which he owed to her. The First Circuit, in Gleason v. Barrilleaux, 292 So.2d 804 (La.App. 1st Cir.1974), found that a co-signer was an accommodation maker based on facts very similar to those in this suit.
Plaintiff, as an accommodation maker having paid the instrument, has a right of recourse on the instrument against the defendant, the accommodated party. LSA-R.S. 10:3-415(5). Where the accommodation *990 party has paid less than the face value of the note, he is only entitled to receive that lesser amount. LSA-R.S. 10:3-201; LSA-R.S. 10:3-603;[1]Vidrine v. Carmouche, 422 So.2d 1327 (La.App. 3rd Cir. 1982); Gleason v. Barrilleaux, supra; Cook v. Crow, 194 So. 455 (La.App. 2nd Cir.1939). For these reasons, the trial court properly awarded plaintiff only the $8,044.18 that she actually paid to the Bank for payment of the amount owed on the note.
Defendant, in his argument that this is only an action for contribution, relies on LSA-C.C. Article 2104[2] and Aiavolasiti v. Versailles Gardens Land Dev. Co., supra, to support his contention that the relationship between himself and the plaintiff is governed by the rules of solidary obligations. This position is not well taken. Even if the Commercial Laws, LSA-Title 10, had no particular provision which was applicable, under the provisions of LSA-C.C. Art. 2106[3] plaintiff would still have been permitted to recover judgment from defendant for the full amount she paid the Bank under the facts of this case.
Plaintiff, in the instant case, as an accommodation party was a surety for defendant, and though bound in solido with defendant to the creditor on the note, plaintiff was entitled to recover from the defendant the full amount that she actually paid to discharge the debt. For the foregoing reasons we find that the trial court's award to the plaintiff of a judgment against defendant in the full sum of $8,044.18, rather than for one-half of this amount, was not in error.

EXPANSION OF PLEADINGS
Defendant in his third assignment of error avers that the trial court erred in allowing the introduction of evidence regarding the purpose of the loan and use of the proceeds derived from the loan in question, hence resulting in an expansion of the pleadings over the objection of counsel for the defendant. See LSA-C.C.P. Article 1154.
Plaintiff's suit was an action as an assignee of a negotiable promissory note. An important and necessarily included issue in this suit was the accommodation character of plaintiff's signature on the note. The purpose of the loan and use of the proceeds are integral factors in the determination of whether plaintiff signed the note as a principal or as an accommodation party. The capacity of plaintiff's signature affects plaintiff's rights to recovery; i.e., how much plaintiff is entitled to receive from defendant. Defendant was not a holder in due course of the promissory note and oral proof was admissible to show plaintiff's accommodation. LSA-R.S. 10:3-415(3). Additionally, defendant raised a defense that plaintiff was in fact a principal *991 obligor along with defendant, bound in solido to pay the note, therefore providing the opportunity for plaintiff to present evidence of accommodation in order to rebut defendant's contention of solidarity.
It is well settled that it is within the discretion of the trial court whether or not to allow evidence objected to on the ground that it is not within the issues presented by the pleadings. Vidrine v. Carmouche, supra and authorities cited therein. The trial court was obviously of the opinion, as are we, that defendant's objection was improper and without merit. We find no error on the part of the trial court in admitting evidence of the purpose of the loan and use of the loan proceeds.

SET-OFF
In his final assignment of error, defendant avers that the trial court erred in refusing to allow defendant a set-off of $1,045.50 representing money paid on behalf of plaintiff by defendant on plaintiff's separate obligation owed to Commercial Securities of St. Martinville.
LSA-C.C. Article 1893 (in present form reproducing the substance of former articles 2207, 2208 and 2209) provides that:
"Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
In such a case, compensation extinguishes both obligations to the extent of the lesser amount.
Delays of grace do not prevent compensation."
Louisiana jurisprudence recognizes the defense of set-off. Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848 (La.1974).
In this suit, defendant urged as an affirmative defense that he was entitled to set-off as a result of his payment of plaintiff's separate debt owed to Commercial Securities. The trial court however found that defendant, in light of the evidence presented at trial, had failed to satisfactorily prove the affirmative defense of set-off. See LSA-C.C.P. Article 1005. The trial court in its oral reasons for judgment stated that:
"... As to any offsets on the Commercial Securities Loan on the truck or the boat, the proof is not satisfactory to the court at all, and payment is a special defense which has to be well proven and documented, and we have contradictory evidence, we have the Plaintiff stating that the Defendant paid because she gave him the truck, the title to the truck, and the boat. We don't have any contradictory evidence to that. We do have evidence that the Plaintiff paid a certain amount after they separated, but he also got the truck and he got the boat. The court does not find the proof satisfactory for any credits in that respect and denies Defendant's claim for credit in that respect."
Appellate courts must give great weight to factual conclusions of the trier of fact, and where there is conflicting testimony, the appellate court should not disturb reasonable evaluations of credibility and reasonable inferences of fact even though the appellate court may feel that its own evaluations and inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Although there was conflicting testimony presented regarding defendant's payment of plaintiff's debt to Commercial Securities, a review of the record reflects that there was an adequate factual basis for the trial court to find that defendant did not meet his burden of proving his entitlement to set-off, the trial court found, based upon the evidence, that defendant had received consideration for his payment of plaintiff's debt, that consideration being that defendant was given title to the boat and truck when he and plaintiff ceased living together. As such, we find no manifest error on the part of the trial court in its refusal to award defendant a set-off in this instance.

ATTORNEY'S FEES
Plaintiff in brief urges that the trial court erred by failing to award her attorney's *992 fees as provided for in the note. However, plaintiff did not answer the defendant's appeal and for this reason the judgment cannot be modified or revised and an award cannot be made in her favor and against the defendant-appellant. LSA-C.C.P. Art. 2133.
For the foregoing reasons, we affirm the trial court's judgment. All costs of this appeal are taxed against defendant-appellant.
AFFIRMED.
NOTES
[1] LSA-R.S. 10:3-603 provides that:

"(1) The liability of any party is discharged to the extent of his payment or satisfaction to the holder ....
(2) Payment or satisfaction may be made with the consent of the holder by any person including a stranger to the instrument. Surrender of the instrument to such a person gives him the right of a transferree."
LSA-R.S. 10:3-201, in addition, provides in relevant part that:
"(1) Transfer of an instrument vests in the transferee such rights as the transferor has therein, except that a transferee who has himself been a party to any fraud or illegality affecting the instrument or who as a prior holder had notice of a defense or claim against it cannot improve his position by taking from a later holder in due course.
(2) A transfer of an interest created in an instrument by way of security vests the foregoing rights in the transferee to the extent of the interest transferred."
[2] The provisions of LSA-C.C.Art. 2104, in effect when this suit was tried, are now found in substantially the same form as LSA-C.C. Art. 1804, effective January 1, 1985.
[3] LSA-C.C. Art. 2106, in effect at the time of this suit, provided that:

"If the affair for which the debt has been contracted in solido, concern only one of the co-obligors in solido, that one is liable for the whole debt towards the other co-debtors, who, with regard to him, are considered only as his securities."
This provision of law is now found in substantially the same form as LSA-C.C. Art. 1804, effective January 1, 1985.