PLOTKIN, Judge.
This appeal arises from the default on a promissory note which the defendant, Eric Jackson, signed. The plaintiff, General Motors Acceptance Corporation (GMAC), seized and sold the vehicle which was the object of the promissory note and now seeks to collect the balance of the sum due by way of a deficiency judgment. The plaintiff was granted summary judgment for the amount of the deficiency. The defendant Eric Jackson appeals the granting of the summary judgment.
*303 FACTS—
On January 31, 1989, Eric Jackson and Clifford Wyatt signed a promissory note in the sum of $26,121 in order to purchase a Nissan Maxima from Benson Nissan in New Orleans, Louisiana. The promissory note was assigned to GMAC prior to default. Payments on the note were made until October 1989, then ceased. GMAC accelerated the balance due and sought ex-ecutory process. The amount sued for was $19,882.30.
Under executory process, the car was seized and sold for $12,600. GMAC then sought a deficiency judgment against both Jackson and Wyatt. Wyatt has since filed for and received protection in bankruptcy. Jackson filed an answer alleging affirmative defenses of vice of consent, .lack of consideration and breach of contract. GMAC was granted summary judgment in the amount of $12,839.58. This amount represents the amount of the balance due on the promissory note as well as legal interest, costs of the sale and attorney’s fees. We affirm.
VICES OF CONSENT AND LACK OF CONSIDERATION—
Jackson alleges that the promissory note is invalid due to a vice of consent. Jackson alleges that he never agreed to be the mortgagor on the promissory note although his signature appears on the “mortgagor” line. It was his intention, he argues, to merely co-sign the note. Thus, because the note represents him as the “mortgagor,” it is invalid since he never gave his consent to be bound as such. Additionally, he argues that, because he neither owned nor operated the vehicle, he received no consideration for binding himself on the promissory note.
An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it. La.R.S. 10:3-415. A person who co-signs a note is an accommodation maker and as such is solidarily bound with the maker even though he receives no benefit. Dugas v. Modular Quarters, Inc., 561 So.2d 192 (La.App. 3d Cir.1990); Darby v. Doucet, 482 So.2d 986 (La.App. 3d Cir.1986); Brashears v. Williams, 294 So.2d 246 (La.App. 1st Cir. 1974).
The fact that Jackson’s name appears upon the “mortgagor” line is immaterial. Jackson admits that he intended to co-sign the note. Because he received no benefits from his signing the note, it is apparent that Jackson was merely lending his name to Wyatt in order to complete the transaction. Therefore, Jackson is an accommodation maker. As such he is liable in solido with the maker to the creditor. Additionally, as the jurisprudence makes clear, as an accommodation maker, it is unnecessary for Jackson to have received consideration for the lending of his signature.
BREACH OF CONTRACT—
Jackson also alleges that by having the vehicle appraised prior to sale, GMAC breached a provision of the contract. Thus, with the issue of breach outstanding, a granting of a motion for summary judgment was inappropriate. The contract provides that the buyer of the car waives all benefit of appraisal. Appraisal may be waived by the party benefitting from it. La.C.C.P. art. 2723. Appraisal protects the person whose property has been seized from having the property sold for too little thus imposing a greater liability on the person in a deficiency judgment proceeding. However, the fact that one waives the right of appraisal does not mean that the seizing party may not have the property appraised; it simply means that the party does not have to have the property appraised pursuant to La.C.C.P. art. 2723. However, in order for the creditor to pursue a deficiency judgment he must have the property appraised prior to the sale. LA-R.S. 13:4106; Bank of New Orleans & Trust Co. v. Brule, 389 So.2d 1148 (La. App. 4th Cir.1980).
In the instant case, GMAC determined that an appraisal of the vehicle was warranted in order for it to pursue a deficiency judgment. This was not a breach of the contract provision waiving the right to appraisal. Therefore, this is not a issue of a disputed material fact.
*304 SUMMARY JUDGMENT—
The granting of a motion for summary judgment is appropriate when there are no issues of material fact left to be resolved and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). In the instant case, the material facts are undisputed. Defendant concedes that he signed the promissory note as a co-signor and that he received no consideration. Therefore, he is treated as an accommodation maker and is liable in solido, with the maker, on the note. GMAC did not breach the contract by having the vehicle appraised. No issues of material fact remained to be determined by the trier of fact.
CONCLUSION—
Therefore, the judgment granting the motion for summary judgment in favor of 'GMAC is affirmed. All costs of this appeal are assessed against the appellant.